**Richard A. SNYDER, et al., Plaintiffs,**

v.

**Colleen SHEARER, et al., Defendants.**

**Civ. No. 80–395–C.**

United States District Court,
S.D. Iowa, C.D.

Nov. 15, 1983.

---

**3.** A requirement of *Piper v. Crosland,* 519  F.Supp. at 966.

Christine M. Luzzie, Legal Services Corp. of Iowa, Iowa City, Iowa, James F. Elliott, Legal Services Corp. of Iowa, Ottuma, Iowa, Lois Cox, Legal Services, Iowa City, Iowa, for plaintiffs.

Joseph L. Bervid, Walter F. Maley, Iowa Dept. of Job Service, Des Moines, Iowa, for defendants.

## RULING ON MOTION FOR ATTORNEYS FEES AND COSTS

STUART, Chief Judge.

On August 12, 1983, plaintiff's Motion for Award of Attorney's Fees and Costs came on for hearing. The appearances are noted on the Clerk's Court Minutes for that date. The Court heard the evidence and statements of counsel and has reviewed all filings relating to the issues before the Court. The Court now holds under the facts and law, plaintiffs are entitled to an award of attorneys fees in the amount of $11,568.50 and costs of $1,808.18.

On September 26, 1980, plaintiff Richard A. Snyder filed this class action for declaratory and injunctive relief seeking to enjoin the defendants, officials in the Iowa Department of Job Service, from continuing the practice of terminating job insurance benefits without advance notice, an opportunity to be heard and an adequate fact-finding interview. Two amended complaints were filed in substantially the same form but adding Dennis E. Ryan and Dennis F. Dolphin as plaintiffs for themselves and as additional representatives of the class.

On May 28, 1981, after hearing, the Court certified the class. Settlement discussion commenced in December 1980 and resulted in a stipulation of settlement dated August 18, 1982. After hearing, the Court approved the compromise of the class action and reserved jurisdiction to determine issues relating to attorney's fees and costs if those issues could not be resolved by negotiation. As negotiation was unsuccessful, the Court must now decide the issues reserved.

In deciding these issues, the Court will attempt to follow the guidelines supplied by the Supreme Court of the United States in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Plaintiffs' claims arise from a common core of facts and relief is sought on three different legal theories, so the Court will "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation". *Id.* at ——, 103 S.Ct. at 1940.

## PREVAILING PARTY

The Court must first determine if plaintiff was a "prevailing party". Plaintiffs may be considered a prevailing party for attorneys' fees purposes if plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir. 1978) (cited with approval in *Hensley, supra,* —— U.S. at ——, 103 S.Ct. at 1939). The Court has no difficulty resolving this threshold question favorably to the plaintiffs. The settlement established written, uniform procedural safeguards that provide persons whose job insurance benefits are about to be terminated with proper notice, discovery, hearing and a right to representation by counsel.

Defendants argue that these safeguards had been previously provided. However, the Court is persuaded that such safeguards were not provided as a matter of course and certainly were not required by any written rules, regulations or forms. The notices previously given were vague, confusing and uninformative. In the Court's opinion, this lawsuit was a catalyst in motivating the defendants to make substantial changes in procedures which were

of benefit to the plaintiff class and which achieved some benefits sought by this action. Plaintiffs were the prevailing party.

## REASONABLE FEES

The trial court has broad discretion in deciding the amount of the fee that should be awarded, but that discretion must be exercised in the light of the considerations set forth in *Hensley, supra,* at ——, 103 S.Ct. at 1940. The most useful starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate. The Court will apply the hourly rate approved in other fee matters before this Court. The Court believes a reasonable hourly fee is $50 per hour for services rendered through 1981 and $60 per hour thereafter. The Court has no reason to believe that the plaintiffs have not properly reported the time actually expended by counsel in connection with this case. By applying the approved hourly rate to the reported time, the Court makes the following computation:

| | | |
|---|---|---|
| Before 1982—341.3 hours × $50 | = | $ 17,065 |
| Since Jan. 1982—60.70 hours × $60 | = | 3,642 |
| Supplement—40.5 hours × $60 | = | 2,430 |
| TOTAL | | $ 23,137 |

The next step that the Court must take is to decide whether it was reasonably necessary for counsel to expend the number of hours billed in order to obtain the results achieved. Plaintiffs goal was to stop defendants from "terminating Job Insurance benefits without notice and prior to an adequate opportunity to be heard". The settlement stipulation obtained all the relief sought, thus making declaratory and injunctive relief unnecessary.

The problem before the Court is whether it was reasonably necessary for counsel to do all the work that was done in order to achieve that result. Defendant argues that it has a responsibility as a governmental agency to receive suggestions on improved procedures from citizens, that the forms adopted by the settlement were improvements, and that the same result could have been obtained without the filing of a lawsuit. This position is supported by the fact that the defendants fully cooperated with plaintiffs' counsel and that the settlement was reached without serious controversy. Plaintiffs counter that defendants were slow to take the actions necessary to reach a settlement and that they had no choice but to proceed with discovery, which accounts for a substantial percentage of the hours expended, as if no settlement was expected.

Justice Brennan, in his concurring opinion in *Hensley, supra,* at ——, 103 S.Ct. at 1944, stated:

> Section 1988 manifests a finely balanced congressional purpose to provide plaintiffs asserting specified federal rights with 'fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys.' (cite to Senate and House Reports). The Court today emphasizes those aspects of judicial discretion necessary to prevent 'windfalls', but lower courts must not forget the need to ensure that civil rights plaintiffs with bona fide claims are able to find lawyers to represent them.

An unfortunate result of the very worthy purpose of Section 1988 is that plaintiffs' counsel cannot obtain fees unless the plaintiff prevails in an "action or proceeding to enforce" one of the civil rights statutes. A lawsuit must be filed before a plaintiff can become eligible for attorney's fees. So, section 1988 not only encourages lawyers to represent civil rights plaintiffs, it discourages the lawyers from entering into settlement negotiations until a lawsuit is on file. After a lawsuit is filed, adversarial attitudes are established and settlement negotiations are not undertaken as soon as they should be.

Therefore, it is incumbent on the Court, in determining what is a reasonable fee, to arrive at a fee large enough to attract competent counsel but not so large as to discourage early settlement efforts or to encourage counsel to expend more hours than is reasonably necessary to obtain the result desired.

In the case of *Planned Parenthood v. Citizens for Comm. Action,* 558 F.2d 861 (8th Cir.1977), the Eighth Circuit Court of Appeals recognized the problem, saying:

We express a caveat on this subject. The prevailing party in a civil rights action is entitled to only 'reasonable' attorney's fees. A party is not entitled needlessly to accumulate exorbitant legal fees with the expectation that the losing party will be called upon to pick up the entire tab. This court will exercise vigilance and pare down needless and unconscionably high legal fees. An award of attorney's fees is compensatory, not punitive, and we will not allow a threat of paying the opposing party's unreasonable legal fees to chill the assertion or defense of seemingly meritorious civil rights claims.

*Id.* at 871.

 The relief sought in this case related to procedural due process. There were no complex legal issues. No extended court hearings or trials were required. The existing procedures were clearly inadequate under the Constitution and there was little risk that plaintiff would not prevail. It appears to the Court that many of the services performed were not necessary for plaintiff to obtain the desired relief. The defendants were cooperative from the beginning even if they were in some instances slow to respond. They must bear some share of the responsibility for the activities of plaintiffs' counsel for that reason.

In situations such as this, it would be advisable for defendants who do not intend to seriously contest the lawsuit to make it known to the plaintiffs early in the lawsuit that settlement negotiations would likely be productive. If that were done, settlement negotiations which might have taken place before a lawsuit was filed but for the attorneys' fee problem could then be pursued before plaintiffs' counsel had spent a large amount of time preparing the case. In such situations the interest of justice would be served if the typical adverse postures were reserved until they became necessary.

If a procedure similar to that suggested had been followed in this instance, counsel's time could probably have been reduced to one-fourth or one-third of the time actually expended. In order to balance the incentive for lawyers to undertake civil rights actions against unnecessarily large fee requests for the results obtained and to encourage both parties to actively seek early settlement of the issues involved, the Court believes that an appropriate fee in this instance is 50% of that requested.

IT IS THEREFORE ORDERED that plaintiff shall have and recover from the defendants attorneys fees in the amount of $11,568.50 together with costs in the amount of $1,808.18.