67,832-02

Date: 12-17-14

To: Court of Criminal Appeals
    P.O. BOX 12308
    Austin Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

From: Mr. Joe Montelongo #1266916
      Michael Unit
      2664 FM 2054
      Tennessee Colony Texas 75886

Re: WR-67,832-02.

Dear Clerk,

Please file these objections with the C.C.A. Thank You.

CERTIFICATE OF SERVICE

I hereby certify that I have sent a true copy of these documents to:

1. District Clerk
   133 North Riverfront Blvd.
   Dallas Texas 75207

mailed on the date indicated above.

UNSWORN DECLARATION

Applicant declares that the attached is true and correct.


                        Respectfully submitted,

                        _Joe Montelongo_
                        Mr. Joe Montelongo #1266916
                        Michael Unit
                        2664 FM 2054
                        Tennessee Colony Texas 75886

cc.file

Court of Criminal Appeals of Texas
AUSTIN TEXAS

Joe Montelongo                                    § IN THE 204th, DISTRICT COURT

Ex Parte                                          § OF

                                                  § DALLAS COUNTY, TEXAS

OBJECTIONS TO THE TRIAL COURT NOT MAKING FINDINGS OF FACT
AND CONCLUSIONS OF LAW

To: The Honorable Judges of the Court of Criminal Appeals, comes
   now Joe Montelongo, and makes these his objections to the
   Trial Court not making "Findings of Fact, and Conclusions
   of Law" in his 11.07 Writ of Habeas Corpus application.

Movant does show in support of this motion;

1. Applicant proved that his trial attorney had once prosecuted
   him on another charge, and because of Mr. Bret Martin being
   the prosecutor, it created a conflict of interest when Mr.
   Martin was appointed to represent him on another charge. See
   Westbrook v. Zant 575 F. Supp. 186, 189 (M.D. GA. 1983); and
   Ziegenhagen 890 F2d 937, 940 (7th CIr. 1989) "it is well
   established that no attorney may represent a criminal defendant
   when the attorney or a member of his firm either represents
   or has previously represented the government in the prosecution
   of the Defendant". See Ex Parte Parker 704 S.W. 2d 40.
   See supra Ziegenhagen 890 F2d at 940 "although not every conflict
   of interest is so egregious as to constitute a violation of
   the 6th amendment. Government employment in a prosecutorial
   role against one defendant and subsequent representation of a
   defendant in a defense capacity is not proper".

2. Applicant also presented newly discovered evidence that proves
   his actual innocense, allows him to toll the AEDPA deadlines,
   and enter into federal court.

3. The Trial Court failed to obey the T.C.C.P. art. 11.07 3 (c)
   "it shall be the duty of the convicting court to decide whether
   there are controverted, previously unresolved facts material
   to the legality of the applicant's confinement". "Shall" indi-
   cates a mandatory duty. The Trial Court has no discretion in
   making this determination, it must be made. The Trial Court
   has failed to perform it's mandatory duty in this case, and
   therefore Applicant requests this case be remanded back to
   the trial Court with an order that it perform it's mandatory
   duty.

Respectfully requested,

Mr. Joe Montelongo #1266916
Michael Unit 2664 FM 2054

Tennessee Colony Texas 75886