UNITED STATES of America, Appellee,

v.

George MORANDO, Appellant.

No. 79–1764.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1980.

Decided Sept. 19, 1980.

Bertram Polis, Tucson, Ariz., for appellant.

Daphne Budge, Asst. U.S. Atty., Phoenix, Ariz., argued for appellee; Negatu Molla, Asst. U.S. Atty., Tucson, Ariz., on brief.

Before GOODWIN and ANDERSON, Circuit Judges, and SWEIGERT,* District Judge.

GOODWIN, Circuit Judge.

George Morando appeals his conviction of conspiracy to possess marijuana with intent to distribute (21 U.S.C. § 846) and possession of marijuana with intent to distribute (21 U.S.C. § 841(a)(1)).

---

* The Honorable William T. Sweigert, Senior United States District Judge for the Northern District of California, sitting by designation.

On the day before trial, Bertram Polis, Morando's attorney, was informed by the government that one Mary Navarro would testify under a grant of immunity. The following morning, Polis requested leave to withdraw as counsel for Morando because he had previously represented witness Navarro in a criminal matter. Polis told the court that he would have a potential conflict of loyalties in that his cross-examination of Navarro would be impeded by her attorney-client privilege. The district judge denied Polis' request, stating: "Well anything you learned is in confidence and you couldn't utilize, but any other counsel that represented her probably wouldn't know about these things anyway."

Neither Navarro nor Morando were present during the brief hearing and there is no evidence of waiver of the attorney-client privilege by either party.

The testimony of Navarro on behalf of the government corroborated the testimony of Escalante, the government's only other witness who identified Morando among those present at the alleged marijuana transaction. Some two years had elapsed from the date of the alleged offense, and Escalante's identification was subject to some question.

Morando contends on appeal that forcing him to go to trial with an attorney who was inhibited by conflicting loyalties violated his Sixth Amendment right to effective assistance of counsel. We agree. *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), sets forth the principles relating to conflicts arising from multiple representation. Although *Holloway* concerned joint representation of co-defendants at a single trial, this circuit has not applied a different standard or distinguished between the conflicts presented when the conflict arises out of the attorney's representation of both a defendant and a witness. *United States v. Partin,* 601 F.2d 1000 (9th Cir. 1979).

*Holloway* requires a district court either to accept the representations of counsel as to the existence of a conflict or take adequate steps of its own to insure that there is no conflict. 435 U.S. at 487, 98 S.Ct. at 1180. In the present case, the district court took no steps to inquire as to the validity of counsel's assertion that a conflict existed. The district court's observation that any confidential information Polis received in his representation of Navarro would not be available to any other attorney does not really address the issue of impediment in cross-examination. Another attorney, unrestrained by conflicts of loyalty and the attorney-client privilege arising from prior representation, might have more effectively challenged the credibility of Navarro's testimony than Polis was able to do. The trial court could not know whether a jury would have been less likely, or more likely, to believe the testimony of Escalante, had another attorney handled the defense.

We are aware of the disruptive effect upon court calendars in complex, multi-party cases, when lawyers seek last minute severances, continuances or other strategic advantage by "newly discovered" conflicts of interest. But this is not a case in which a lawyer waited until the last minute to spring a delaying motion upon the court. From aught that appears in the record, counsel had no reason to make an earlier request, and the request when made presented a *prima facie* case for relief under *Holloway.* We have no choice but to vacate this judgment and remand for further proceedings.

Vacated and remanded.