410 So.2d 1388 (1982)
STATE of Louisiana
v.
Larry ROSS.
No. 81-KA-1524.
Supreme Court of Louisiana.
March 1, 1982.
Dissenting Opinion April 1, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Donnie L. Ellerman, Winnsboro, for defendant-appellant.
SAVOIE, Justice Ad Hoc.[*]
This appeal by Larry Ross from his Armed Robbery Conviction is before this court on two issues:
*1389 1. Did the trial court err in failing to recognize a conflict of interest that existed through the appointment of one attorney to represent defendant and his co-defendant?
2. Did the trial court err in imposing an excessive sentence without pre-sentence hearing or investigation report?
Larry Ross contends that his attorney who represented his co-defendant, Andrew Powell, on an armed robbery arising out of the same circumstances was inhibited by this multiple representation from giving effective assistance to Larry Ross during the proceedings against him.
The facts are, as follows:
A grocery store-service station located on Highway No. 4 in Ward 3 of Franklin Parish, operated by one, John Parker, was robbed on September 4, 1973. Mrs. Lottie Mae Walker was managing Parker's store on September 4, 1975, when two men, subsequently identified as the defendant and Andrew Powell, entered about noontime. Ross and Powell browsed the store until the only other customer left. As soon as this customer left the store, one of the two men grabbed Mrs. Walker from behind, putting his hand over her mouth to prevent her from screaming and pushed her to the floor. An electrical cord was placed around her throat, but she was able to escape further injury by feigning unconsciousness. She was hit over the head with a hard object on two different occasions. Believing her to be unconscious, one of the men pulled out the telephone and either one or the other opened the cash register and removed the money. Mrs. Walker glanced up and noticed one of the men taking cartons of Kool cigarettes. The robbers then fled. Mrs. Walker had previously noticed a vehicle which they were driving and which she identified as an old model green Chrysler automobile. Unable to use the telephone, Mrs. Walker ran outside, stopped a passerby and relayed a description of the robbers and their vehicle and asked the passerby to notify the Sheriff's office.
Deputy Joe Powell noticed an old model green Chrysler fitting the relay description and began to follow it. When the driver spotted Deputy Powell, he took off at high speed. A chase ensued into Winnsboro, where the robbers lost control of their vehicle and attempted to flee on foot. Both were apprehended. Andrew Powell and Larry Ross were charged with armed robbery by way of separate bills of information. Both filed affidavits of indigency and, apparently, Sonny N. Stephens (now Judge) was appointed to represent both defendants. A jury trial was scheduled for both Andrew Powell and Larry Ross on the 17th day of November, 1975. On the morning that Andrew Powell was scheduled to go to trial, he pleaded guilty as charged to the offense. On the same day that Andrew Powell pleaded guilty, the jury for Ross' trial was empaneled and on the next day the trial began.
Andrew Powell testified that it was Ross who initiated the armed robbery. It was Ross who struck Mrs. Walker twice, pulled the cord around her neck, ripped out the telephone, robbed the cash register, stole the cartons of Kool cigarettes. Cross examination by the defense counsel was not extensive. The question of conflict of interest was not raised either by the trial counsel or by the court, itself. There was no waiver of the attorney-client privilege by the witness, Andrew Powell. At the post conviction proceeding, which was held on April 15, 1981, the defendant testified that the defense counsel, Stephens, advised him not to testify and that Powell's testimony would free him. Defense counsel testified that he had some recollection of representing both the defendant and Andrew Powell. He seemed to recall representing Powell at the time he made his guilty plea. However, he did not recall any plea-bargaining being reached in connection with this case. Defense counsel further recalls that he only became aware of Powell's plea of guilty on the day of the trial.
The defendant was found guilty and sentenced to hard labor for a period of thirty-five *1390 years without benefit of probation, parole or suspension of sentence. It should also be noted that Andrew Powell pled guilty on the morning of trial and was sentenced to five years for his participation in the armed robbery.
ASSIGNMENT OF ERROR NO. 1
The trial court erred in failing to recognize a conflict of interest that existed through the appointment of one attorney to represent defendant and his co-defendant.
The right of every criminal defendant to have the assistance of an attorney during the proceedings against him is a cornerstone of our legal system. Amendment 6, U. S. Constitution; Article 1, Section 13, Louisiana Constitution (1974). To be more than just a hollow right, our law requires that assistance of counsel be effective. As a general rule, courts have held that an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant he is representing. The issue of conflicting loyalties usually arises in the context of joint representation of co-defendants. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1976); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Hopper, 639 F.2d 236 (C.A.5 1981). But it has also surfaced in cases like the one at bar, where an attorney runs into a conflict because he or she is required to cross-examine a witness who is testifying against the defendant and who was or is a client of the attorney. United States v. Morando, 628 F.2d 535 (C.A.9, 1980); United States v. Partin, 601 F.2d 1000 (C.A.9 1979). Although the issue can arise in different contexts, the legal principles are the same.
Multiple representation is not per se illegal and does not violate the Sixth Amendment to the U. S. Constitution (or Article 1, Section 13 of the Louisiana Constitution) unless it gives rise to a conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Holloway, supra. The mere possibility of conflict is insufficient to reverse a criminal conviction. However, if a defendant establishes that an actual conflict of interest adversely affected his lawyer's performance, he has demonstrated a violation of his Sixth Amendment rights under the U. S. Constitution and his Article 1, Section 13 rights under the Louisiana Constitution of 1974. Cuyler, supra. If an actual conflict exists, there is no need for a defendant to prove that he was also prejudiced thereby. Showing of an actual conflict mandates reversal.
State v. Franklin, 400 So.2d 616, 1981 Supreme Court.
In the present case, Defense Counsel did not call to the court's attention the possibility of a conflict. Additionally, the trial court took no steps to ascertain whether an actual rather than a remote conflict of interest existed. There was no express waiver by Andrew Powell of the attorney-client privilege. The lack of extensive cross-examination by defense counsel coupled with the disparity between the sentence of defendant and the sentence of Andrew Powell indicates to this court that joint representation of both of these clients adversely affected defense counsel's performance as such.
Justice ad hoc, Lottinger, stated in State v. Franklin, supra:
"Perhaps the only way to prevent the issue from continuously cropping on appeal is to prevent joint representation altogether, or to painstakingly ascertain from all defendants who are being jointly represented that they understand the risk involved and that they knowingly waive the right to a totally independent attorney."
We do not suggest that joint representation in itself is unconstitutional, but rather, we acknowledge that joint representation, when allowed, and where a conviction is obtained, will invariably surface on appeal.
The present case raises many questions involving the effective assistance of counsel. The record reflects that these questions remain either unanswered or answered in the negative.
*1391 Powell's testimony at Ross' trial as a government witness does raise the serious question of whether Ross' Sixth Amendment right to the effective assistance of counsel was abridged. That right includes the right to be represented by counsel whose loyalties are undivided. United States v. Partin, 601 F.2d 1000 (1979).
But here, unlike the Partin case, the defendant did not waive this right because he was never advised of it.
Therefore, for the above reasons, the conviction is reversed, and the case is remanded to the District Court for a new trial.
Because of the foregoing opinion, the second assignment of error is moot.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
CARTER, J. ad hoc, dissents.
DENNIS, J., dissents with reasons.
LEMMON, Justice, concurring.
Usually I am philosophically opposed to per se rules. However, when an actual conflict of interest presents itself, a reversal will be required unless some officer of the court (the trial judge, the district attorney or the defense attorney) faces the problem.[1]
If the witness in this case (defense counsel's former client) was willing to waive the attorney-client privilege, the waiver should have been stated on the record. See United States v. Partin, above; State v. Franklin, above. If the witness was unwilling to do so, defense counsel could not effectively cross-examine the witness, and other counsel should have been appointed, no matter how overwhelming the evidence of guilt.[2]
DENNIS, Justice, dissenting.
I respectfully dissent.
In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). This standard is to be distinguished from that applied when a defendant, before trial, calls the court's attention to a possible conflict of interest. See Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). I do not believe that the record in this case demonstrates that an actual conflict of interest adversely affected the defense lawyer's performance. Since the defendant raised no objection at trial, his complaint in this court is insufficient to justify a reversal of his conviction.
NOTES
[*] Judges Shortess, Carter and Savoie of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Justices Dennis, Blanche, Watson and Lemmon.
[1] There was an actual conflict of interest in this case. Defense counsel had been appointed to represent two co-defendants, one of whom pleaded guilty on the morning of trial and became a witness against the remaining defendant.
[2] The only question seriously in dispute in this case was which robber was the aggressor, which is primarily a sentencing issue. However, because defendant asserts he was advised not to testify (an assertion not disputed by the defense attorney), because the former co-defendant's testimony was the only evidence as to the identity of the aggressor, and because defendant received a much more severe sentence than the former co-defendant, there was significant need for undivided loyalty in the course of the cross-examination.