483 So.2d 1008 (1986)
STATE of Louisiana
v.
Jerry Lee BROWNING.
No. 85-K-2001.
Supreme Court of Louisiana.
March 7, 1986.
*1009 Sherburne Sentell, Minden, for defendant-applicant.
John C. Blake, Dist. Atty., George H. Meadors, Asst. Dist. Atty., Jonesboro, for plaintiff-respondent.
PER CURIAM.
We agree with the court of appeal that the trial judge should not have allowed his own son, appointed "strictly for arraignment," to continue representing defendant through his guilty plea to cultivation of marijuana, La.R.S. 40:966, and then at sentencing. State v. Browning, 475 So.2d 90 (La.App. 2nd Cir.1985). See, Code of Judicial Conduct, Canon 2 (1975); Judicial Conference Committee Code of Judicial Conduct, Canon 3(C)(1)(d)(2); La.C.Cr.P. art. 671(2). We also agree that the circumstances of this case do not warrant a finding that defendant, who knew only of the family relationship between the trial judge and his appointed attorney, knowingly waived any objection that might have been made in the trial court. We do not agree, however, that defendant's appointed attorney was solely at fault for allowing "this unusual situation" to continue, Id., 475 So.2d at 94, or that his failure to make a contemporaneous objection therefore bars relief on direct review, and consigns defendant to post-conviction proceedings on a claim of ineffective assistance of counsel. The error here is plain from a mere inspection of the pleadings and proceedings in this case, including the Boykin colloquy conducted by the trial judge with the defendant, and without inspection of the evidence. La.C.Cr.P. art. 920(2); State v. Godejohn, 425 So.2d 750 (La.1983).
Accordingly, defendant's conviction is reversed, his sentence is set aside, and this case is remanded to the district court for further proceedings in accord with the law.
CONVICTION REVERSED AND SENTENCE SET ASIDE: CASE REMANDED TO THE DISTRICT COURT.
LEMMON, J., concurs.