SEXTON, Judge.
The defendant, Dorman “D.D.” LaCour, appeals his conviction by jury of the offenses of simple burglary and conspiracy to commit simple burglary. He was subsequently sentenced to nine years imprisonment at hard labor for the offense of simple burglary and three years imprisonment at hard labor for the offense of conspiracy to commit simple burglary, the sentences to run concurrently. The defendant originally appealed on the basis of six assignments of error, one of which has been abandoned. Finding merit to one of the defendant’s contentions with respect to re-cusal of the judge ad hoc, we reverse and pretermit a consideration of the other assignments.
In addition to the original aforesaid charges, the defendant faced multiple arson charges jointly with James L. Lemoine and Danny R. Lemoine. These charges were all instituted in Grant Parish. However, defendant’s motion for a change of venue resulted in removal of all Grant Parish charges to Ouachita Parish.
After the original trial judge was re-cused, the Honorable Guy E. Humphries was appointed judge ad hoc by the Louisiana Supreme Court to preside over these matters.
The defendant filed two separate motions to recuse the judge ad hoc. The first motion was based on the fact that Judge Humphries’ son and law partner, Guy Earl Humphries, III, is an assistant district attorney in Rapides Parish. A subsequent and supplemental motion to recuse was based on the fact that Guy Earl Hum-phries, III had been assigned the prosecution of a simple arson charge pending against the defendant in Rapides Parish.
The initial motion to recuse was based on LSA-C.Cr.P. Art. 65,* which prohibits the partner of any assistant district attorney from participating in the defense of a criminal case. That motion is clearly without merit and was properly denied by the trial court.
However, we determine that the supplemental motion to recuse has merit in spite of the fact that Mr. Humphries, III recused himself from the prosecution of the arson case in Rapides Parish just prior to the hearing on the recusal motion in the instant matter in Ouachita Parish. We base this determination on the clear and firm pronouncements in similar cases by our Supreme Court that the law mandates that judicial officers avoid even the appearance of impropriety with respect to their decisions.
Of particular interest is this Court’s af-firmance of State v. Browning, 475 So.2d 90 (La.App. 2d Cir.1985), and the Supreme *758 Court’s reversal thereof. State v. Browning, 483 So.2d 1008 (La.1986).
In Browning, the trial judge appointed his son, a conveniently present member of the indigent defender board, to represent Browning “at arraignment only” because Browning’s attorney had recently died. However, later that day Browning and his recently appointed counsel reappeared and pled guilty before the same judge based on the state's agreement to drop charges against Browning’s co-defendants. Approximately two months later, the trial judge sentenced Browning to six years at hard labor and a fine of $5,000.
The substance of Browning’s claim was that counsel “subverted his client’s interests to the feelings of respect and awe he held for his father, Judge Paul A. Newell.” This Court noted that the circumstances created a serious conflict of interest because of the potential for abuse and the appearance of impropriety but determined not to reverse because of the lack of a timely objection. As we noted, this “fairly intelligent defendant” never complained or questioned the conflict situation even though it was clearly pointed out to him. This Court was further influenced by the fact that the record disclosed no apparent prejudice to the defendant as a result of Mr. David Newell’s representation. However, the Louisiana Supreme Court was sufficiently disturbed by the situation to order a peremptory reversal in a per cu-riam opinion.
Another instructive case in this area is State v. LeBlanc, 367 So.2d 335 (La.1979). In LeBlanc, the defendant complained that the trial court erred in denying his motion for a new trial based on the fact that the judge ad hoc and the judge’s son were members in a two-man lawfirm representing the Lafayette Parish sheriff's department. The defendant was arrested by officers of that department for resisting arrest.
The Supreme Court noted that there were no allegations that the law firm at issue was currently employed by the Lafayette Parish sheriff department in defending any civil litigation in the same cause. Also, the defendant’s writ application did not allege or show any specific incidents of the judge’s partiality, bias or indicate any gain that the judge could expect from finding the defendant guilty.
However, based on the necessity to maintain the appearance of impartiality, the Supreme Court reversed. The Supreme Court quoted with approval the American Bar Standards urging disqualification where a judge’s impartiality could reasonably be questioned and scholarly comment urging that courts be above even the suspicion of partiality.
We think it is important to note that recusal motions were not filed in either Browning or LeBlanc in contrast to the instant case. Thus, in both Browning and LeBlanc, the reversal was based simply on the appearance of impropriety which was caused by the particular judge’s circumstances and the result reached. In other words, in Browning the stiff sentence the defendant received could appear to have been the result of the failure of defense counsel to vigorously pursue his client’s interests because the judge was defense counsel’s father. In LeBlanc, the guilty verdict could appear to have been the result of the fact that the ad hoc judge’s son and law partner routinely represented the department that employed the arresting officers who also testified against the defendant. Similarly, in the instant case the conviction and the stiff sentence imposed could appear to have resulted from the fact that the ad hoc judge’s son and law partner had earlier had another criminal prosecution pending against the defendant.
Therefore, being unable to distinguish the instant appearance of impropriety from Browning and LeBlanc, we reverse and remand for a new trial, pretermitting the other assignments of error.
REVERSED AND REMANDED.

 Art. 65. Defense of prosecution unlawful
It is unlawful for the following officers or their law partners to defend or assist in the defense of any person charged with an offense in any parish of the state:
(1) Any district attorney or assistant district attorney; or
(2) The attorney general or any assistant attorney general, provided that the provisions of this article shall not apply to the law partners of any assistant attorney general not employed to handle criminal matters for the attorney general, when any such law partner is judicially appointed to defend an indigent defendant.