514 So.2d 691 (1987)
STATE of Louisiana, Appellee,
v.
Willie R. BOLEN, Appellant.
No. 19033-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
Douglas L. Stokes, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, John C. Blake, Dist. Atty., Jonesboro, George H. Meadors, Asst. Dist. Atty., Homer, for appellee.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Willie R. Bolen, was originally charged with aggravated burglary of an inhabited dwelling. The defendant entered *692 into a plea agreement with the state whereby he pled guilty to the lesser charge of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, and was sentenced to serve twelve years at hard labor with the sentence to run consecutively with any other sentence imposed. The defendant now appeals his conviction and sentence. For the following reasons, we reverse the defendant's conviction, set aside his sentence, and remand the case to the district court.

FACTS
On November 18, 1983, the defendant burglarized a mobile home belonging to JoAnne Spurlock. Ms. Spurlock's son arrived at home and observed the defendant's pickup truck parked behind the mobile home. Young Spurlock summoned the assistance of his grandfather. As the two approached the mobile home, the defendant retrieved a shotgun from his truck and ordered Spurlock and his grandfather to leave the premises. The defendant then left the scene. There is no showing in the record that the defendant actually took anything from the mobile home, but the defendant did admit that his purpose in entering the home was to steal property belonging to the occupants.
The defendant was arrested and charged with aggravated burglary of an inhabited dwelling. On May 8, 1984, the defendant appeared before Judge Paul A. Newell who appointed his son, David Newell, an attorney at law, to represent the defendant.
A preliminary examination was held May 31, 1984 and on September 13, 1984, the defendant, pursuant to a plea agreement, entered a plea of guilty to the lesser charge of simple burglary of an inhabited dwelling. On November 8, 1984, the defendant was sentenced to serve twelve years at hard labor with the sentence to run consecutively to any other sentence.
On June 30, 1986, the defendant filed an application for post conviction relief in the trial court alleging ineffective assistance of counsel and denial of Brady material. The defendant also claimed he was persuaded to plead guilty by threats from the prosecution and his own counsel that if he did not plead guilty he would be charged as a multiple offender. In addition the defendant claimed his counsel failed to timely appeal the case and that he was not informed that the court would order the sentence to be served consecutively rather than concurrently.
On September 25, 1986, the trial court denied the defendant's application for post conviction relief.
On October 7, 1986, the defendant filed in the trial court a motion to reconsider and amend his application for post conviction relief, alleging for the first time that he was denied effective assistance of counsel because his court appointed attorney was the son of the judge who presided over the arraignment, guilty plea and sentencing. The defendant's motion was denied by the trial court on October 7, 1986.
On November 17, 1986, this court granted the defendant's writ application and, upon review, found that the record did not indicate that the defendant had waived his right to appeal. The case was remanded to the trial court for a hearing on whether the defendant was entitled to an out-of-time appeal pursuant to State v. Counterman, 475 So.2d 336 (La.1985).
On November 21, 1986, the trial court granted the defendant an out-of-time appeal. The case is now before this court on direct appeal.
The defendant attacks his conviction and sentence claiming he was denied effective assistance of counsel because his court appointed attorney was the son of the sentencing judge. The defendant also claims the sentencing court failed to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. Further, he claims that the sentence imposed is unconstitutionally excessive.

EFFECTIVE ASSISTANCE OF COUNSEL
The defendant claims he was denied his constitutional right to effective assistance of counsel due to the conflict of interest arising from the fact that his court appointed *693 attorney was the son of the presiding and sentencing judge. The defendant's argument has merit.
Defendants are constitutionally guaranteed the right to counsel in criminal prosecutions. U.S. Const. amend. 6; LSA-Const. art. 1 § 13 (1984). Every defendant in a criminal case is entitled not only to counsel, but to conflict free counsel. State v. Franklin, 400 So.2d 616 (La.1981).
The issue presented by this case is similar to that recently considered by this court in State v. Browning, 475 So.2d 90 (La.App. 2d Cir.1985), and subsequently by the Louisiana Supreme Court in State v. Browning, 483 So.2d 1008 (La.1986). In that case, the same trial judge, Judge Paul A. Newell, appointed his son, David Newell, to represent the defendant at arraignment. Later in the day, the defendant pled guilty pursuant to a plea agreement. No objection was raised by the defendant or his counsel regarding the conflict of interest arising from the relationship between defense counsel and the judge. For the first time on appeal, the defendant claimed ineffective assistance of counsel. The defendant argued that he had not waived his right to conflict free counsel because he was not adequately informed of the conflict. He also contended that the conflict situation entitled him to a more thorough explanation of the potential dangers of the conflict. In that case, although we did not set aside the conviction and sentence, we said:
In the instant case, the conflict is apparent. Even though it is not as serious as in a joint representation case and does not pose an ethical bar to full representation, the situation is nevertheless conducive to divided loyalties. Zuck v. Alabama [588 F.2d 436 (5th Cir.1979)]. David Newell's efforts could well have been divided between Browning on the one hand and his father on the other. For example, the interest in favor of the father certainly would be strong, since David held him in ordinary parental respect, was guided in his professional footsteps, and was appointed by his father to the case. This might well be enough to affect David Newell's loyalty. We will not naively presume that the father-son relation only benefits the defendant. Furthermore, the procedural law mandates the judge's recusal in this situation. LSA-C.Cr.P. art. 671(2). When the law presumes a conflict of interest sufficient to mandate recusal of the judge, then the conflict is likewise sufficient to require action on the part of the attorney. The Code of Judicial Conduct also mandates recusal, and the conflict is imputable to the attorney. Code of Judicial Conduct, Canon 3 C(1)(d). Finally, the appearance of judicial impropriety or partiality is a paramount concern and is to be avoided at all costs. Code of Prof.Resp., Canon 9; State v. LeBlanc, 367 So.2d 335 (La.1979). We conclude that the concurrence of all these factors justify us in categorizing this relationship as a conflict. [Footnotes omitted]
However, we found that due to the lack of a contemporaneous objection in the trial court, we could not consider the claim on appeal:
We are not able to resolve the issue of ineffective assistance of counsel on direct appeal. The record is not adequate. The record discloses no apparent prejudice to Browning as result of David Newell's representation; in fact, the cure appears to be a simple, voluntary guilty plea. Browning's remedy is through post-conviction relief in the trial court. State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Woods, 444 So.2d 1332 (La.App. 2d Cir.1984). Since no objections were entered or motions filed before the imposition of sentence, Browning will have to prove actual prejudice to his cause as a result of the conflict. See State v. Marshall, 414 So.2d 684 (La. 1982), cert. den. 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982); State v. Kahey, 436 So.2d 475 (La.1983); cf. State v. Ross, 410 So.2d 1388 (La.1982) (Dennis, J. dissenting). The constitutional right of conflict free counsel must balance against reasonable requirements of notice and effective administration. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. *694 1708, 64 L.Ed.2d 333 (1980); State v. Ross, supra.
We then stated:
In denying Browning's appeal on the first five assignments of error, we record the following observations about the conduct of the parties in the court below. We have decided that when a trial judge appoints his own son or daughter to defend an indigent defendant before his own bench, he creates a serious conflict of interest. If the conflict is objected to timely and relief is denied, we will reverse the conviction automatically. Holloway v. Arkansas, supra [435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1976) ]. In other cases, we will reverse only on a showing, in post-conviction relief, that prejudice resulted from the conflict. Cuyler v. Sullivan, supra. We will presume a conflict. We strongly disapprove of this practice because the potential for abuse and the appearance of impropriety are too great to be tolerated. Neither the district attorney, nor the trial judge, nor defense counsel should have allowed this situation to develop.
This court affirmed the defendant's conviction and the defendant took writs to the Louisiana Supreme Court. State v. Browning, 483 So.2d 1008 (La.1986). The Louisiana Supreme Court, in reversing the conviction, stated:
We agree with the court of appeal that the trial judge should not have allowed his own son, appointed "strictly for arraignment," to continue representing defendant through his guilty plea to cultivation of marijuana, La.R.S. 40:966, and then at sentencing. State v. Browning, 475 So.2d 90 (La.App. 2d Cir.1985). See, Code of Judicial Conduct, Canon 3(C)(1)(d)(2); La.C.Cr.P. art 671(2). We also agree that the circumstances of this case do not warrant a finding that the defendant, who knew only of the family relationship between the trial judge and his appointed attorney, knowingly waived any objection that might have been made in the trial court. We do not agree, however, that defendant's appointed attorney was solely at fault for allowing "this unusual situation to continue, Id., 475 So.2d at 94, or that his failure to make a contemporaneous objection therefore bars relief on direct review, and consigns defendant to post-conviction proceedings on a claim of ineffective assistance of counsel. The error here is plain from a mere inspection of the pleadings and proceedings in this case, including the Boykin, colloquy conducted by the trial judge with the defendant, and without inspection of the evidence. La. C.Cr.P. art. 920(2); State v. Godejohn, 425 So.2d 750 (La.1983).
Accordingly, defendant's conviction is reversed, his sentence is set aside, and this case is remanded to the district court for further proceedings in accord with the law.
In State v. Browning, supra, there was no showing that the conflict of interest prejudiced the defendant, nor does it appear that when an actual conflict exists, such a showing is necessary. When a conflict of interest exists, as in the present case, the constitutional guarantees of effective assistance of counsel are implicated. Zuck v. State of Alabama, 588 F.2d 436 (5th Cir.1979). When such an actual conflict of interest exists, prejudice need not be shown. An actual conflict of interest mandates reversal. State v. Serpas, 485 So.2d 999 (La.App. 4th Cir.1986). State v. Browning, supra.
Therefore, because an actual conflict of interest exists in this case we must reverse. Because we reverse the defendant's conviction on his claim of ineffective assistance of counsel and vacate the sentence imposed, it is unnecessary to consider the defendant's argument that the trial court failed to comply with the sentencing guidelines contained in LSA-C.Cr.P. Art. 894.1 and imposed an unconstitutionally excessive sentence.

CONCLUSION
For the reasons stated above, the defendant's conviction is reversed and set aside, his sentence is vacated, and the case is remanded to the district court for further proceedings in accordance with law.
*695 REVERSED AND SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT.