FRED W. JONES, Jr., Judge.
We granted writs in this postconviction relief proceeding to determine whether defendant’s sentence should be vacated because the assistant district attorney who represented the State at sentencing had previously represented the defendant at the criminal trial.
The defendant Devereaux, charged with armed robbery, was represented by attorney Charles McConnell of the Indigent De *805 fender’s Office. Trial was had January 21, 22, 1985 and the defendant was found guilty as charged.
On February 1, 1985 McConnell was employed as an assistant district attorney in the office that had prosecuted the defendant. On March 3, 1985, represented by another attorney from the Indigent Defender Board, the defendant was sentenced to prison for 30 years. At the sentencing the State was represented by McConnell, defendant’s former attorney.
At the postconviction relief hearing in the trial court, contrary to defendant’s contention it was not shown that McConnell was negotiating for employment with the district attorney’s office while representing the defendant in his criminal case. Further, at the sentencing McConnell merely “called the case up” and had no influence upon the sentence imposed.
Consequently, the question posed is whether, in the absence of a showing of actual prejudice to the defendant, should the sentence be vacated because of a conflict of interest on the part of the assistant district attorney?
La.C.Cr.P. Article 680 provides in part: A district attorney shall be recused when he:
[[Image here]]
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
Discussing this “switching sides” issue, the court in U.S. v. Schell, 775 F.2d 559 (4th Cir.1985) stated:
“The relationship between an attorney and his client is a sacred one. In that relationship, the client must be secure in the knowledge that any information he reveals to counsel will remain confidential. The confidentiality of the attorney-client relationship is severely compromised, if not destroyed, when, after representing a client, a lawyer joins in the criminal prosecution of that client with respect to the identical matter about which the attorney originally counseled the client. Such switching of sides is fundamentally unfair and inherently prejudicial.”
In State v. Bolen, 514 So.2d 691 (La.App. 2d Cir.1987), we considered whether representation of a defendant by a court-appointed attorney who was the son of the sentencing judge required reversal. Citing State v. Browning, 483 So.2d 1008 (La.1986), we noted:
“In State v. Browning, supra, there was no showing that the conflict of interest prejudiced the defendant, nor does it appear that when an actual conflict exists, such a showing is necessary.... An actual conflict of interest mandates reversal.”
As the assistant district attorney representing the State at defendant’s sentencing, and having previously represented the defendant at his criminal trial, McConnell had a conflict of interest which would have clearly required his recusal under Article 680. Under the circumstances, it was not necessary that defendant show actual prejudice at the sentencing.
For these reasons, defendant’s sentence in this case is set aside and the case is REMANDED to the trial court for re-sentencing in accordance with law.
ON APPLICATION FOR REHEARING
Before MARVIN, JASPER E. JONES, FRED W. JONES, Jr., HALL and SEXTON, JJ.
Rehearing denied.