HIGHTOWER, Judge.
Pursuant to a plea bargain agreement, Manual Chavez, Jr., pled guilty to attempted distribution of marijuana. He was sentenced to serve two and one-half years at hard labor, and was ordered to pay $500 to the Indigent Defender Board. The defendant, who originally was charged with possession of marijuana with intent to distribute, has entered this appeal alleging the trial court erred in failing to consider the mitigating factors set forth in LSA-C.Cr.P. Art. 894.1, and also alleging his sentence is constitutionally excessive.
While concluding the defendant’s assignments of error are meritless, our review of the record has revealed a situation posing significant constitutional and ethical problems. Defendant’s original court-appointed counsel in this case not only withdrew as his attorney to become an assistant district attorney, but also acted as representative of the state in connection with the defendant’s plea bargain and guilty plea. Upon discovering these circumstances, we ordered both the state and the defendant to brief the issues of conflict of interest and waiver of conflict of interest.
After carefully reviewing both the record and the briefs submitted, we are satisfied the defendant knowingly and intelligently waived his right to request a recusal of his first attorney. Nevertheless, for the reasons subsequently expressed, we disapprove of the practices which took place herein, and strongly caution against the occurrence of similar practices in the future.
On March 7, 1987, the defendant was stopped for speeding on 1-20 in Richland Parish, and was found to be in possession of approximately 37 pounds of marijuana. The marijuana was concealed in a tire in the back of defendant’s truck. 'On March 16, 1987, defendant’s attorney, Mark Po-sey, appeared on his behalf in connection with a motion to reduce bond. After a hearing, the court reduced the bond from $200,000 to $75,000. Mr. Posey also appeared with defendant in open court on April 29, 1987, when defendant waived arraignment and entered a plea of not guilty. On May 14, 1987, Mr. Posey requested and obtained an extension of time within which to file pre-trial motions on behalf of the defendant. However, before any such motions were filed, Mr. Posey filed a motion on May 29,' 1987 to be relieved of his appointment as defendant’s counsel because he was resigning his position as assistant indigent defender and assuming the position of assistant district attorney. He was relieved of his appointment effective May 31, 1987.
In November 1987, defendant appeared before the trial court to plead guilty pursu *994 ant to a plea bargain. He was represented at that time by new counsel, Martha Min-nieweather. The plea bargain was the result of communications between Ms. Min-nieweather and Mr. Posey, who was acting in his capacity as assistant district attorney. Mr. Posey appeared on behalf of the state on the day the guilty plea was entered, at which time the following statements were made with regard to Mr. Po-sey’s prior representation of the defendant:
Mr. Posey: Before proceeding further, I would point out to the Court that I have previously represented Mr. Chavez in this matter. I understand by his appearing here that he and his attorney have agreed to waive any objection to my representing the State in this matter.
Ms. Minnieweather: That is correct, Your Honor.
Instead of entering into a colloquy with the defendant concerning the waiver, the trial court proceeded to “Boykinize” the defendant. The court subsequently questioned both the defendant and his attorney with regard to whether the defendant was entering his plea freely and voluntarily, and both responded affirmatively. However, neither the defendant nor his attorney indicated the defendant was aware of either the implications of his former representation by Mr. Posey, or his right to request Mr. Posey’s recusal.
This court was confronted with a somewhat similar factual situation in State v. Devereaux, 537 So.2d 804 (La.App. 2d Cir.1989). In that case, the defendant was represented by an attorney from the Indigent Defender’s Office throughout his jury trial. Later, his attorney became employed as an assistant district attorney in the office that had prosecuted the defendant. At the sentencing, the defendant’s former attorney represented the state. However, the attorney merely “called the case up” and had no influence upon the sentence imposed. Furthermore, at a post-conviction relief hearing in the trial court, there was no showing of actual prejudice to the defendant. Nevertheless, this court held the defendant’s sentence should be set aside and the case remanded for resentenc-ing because the defendant’s former attorney had a conflict of interest which clearly required his recusal under LSA-C.Cr.P. Art. 680.[1]
In Devereaux, this court further held, citing U.S. v. Schell, 775 F.2d 559 (4th Cir.1985) and State v. Bolen, 514 So.2d 691 (La.App. 2d Cir.1987), that under the circumstances, it was not necessary for the defendant to show actual prejudice at the sentencing. An actual conflict of interest existed which was inherently prejudicial.
Thus, absent an effective waiver, the switching of sides by defendant’s attorney in the present case would require us to reverse defendant’s conviction and sentence. The attorney’s actions would violate not only the provisions of LSA-C.Cr.P. Art. 680, but also the provisions of Rule 1.9 of the Rules of Professional Conduct of the Louisiana State Bar Association. Rule 1.9 states in pertinent part:
A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents after consultation_
The Code of Professional Responsibility, which regulates the conduct of attorneys, has been recognized not only as having the force and effect of substantive law, but also as being the most exacting of laws established for the public good. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). Similarly, in Plaquemines Parish *995 Commission Counsel v. Perez, 379 So.2d 1373 (La.1980), the Louisiana Supreme Court held that the LSA-C.Cr.P. Art. 680 provisions for recusation are required by the Louisiana Constitution guarantee of the fair and impartial administration of justice. This guarantee lies at the very heart of a defendant’s right to due process.
Nevertheless, despite the strong policies underlying both Art. 680 and Rule 1.9, we conclude that many attorney conflict of interest problems, including the present problem, are capable of being resolved through a knowing and intelligent waiver by the client. Rule 1.9 specifically allows a former client, after consultation, to consent to an attorney’s representation in the same matter of a person with materially adverse interests. Furthermore, in the analogous situation in which one attorney represents more than one criminal co-defendant, an accused may waive his right to conflict-free counsel. See State v. Morrow, 440 So.2d 98 (La.1983) and State v. Edwards, 430 So.2d 60 (La.1983).
Despite a lack of Louisiana jurisprudence addressing the issue of waiver of conflict-free counsel in the context of an attorney’s switching sides in a criminal prosecution, it is plain that for a defendant to knowingly and intelligently waive his right to request recusal, the defendant must be aware of the implications of the conflict of interest as well as the defendant’s right to request recusal. In this regard, the defendant’s supplemental appellate brief, after acknowledging an awareness “at all times” of his right to seek recusal, states:
It must be well noted in this case that after the defendant had been exhaustedly advised of his rights and consequences thereof, he knowingly, intelligently and voluntarily, (with the assistance of counsel) decided against filing a motion to recuse Assistant District Attorney Mark Posey on the ground that he had prior confidential knowledge of his case.
Also pertinent in this regard are these additional statements from the brief:
[T]he defendant felt under the circumstances that Mr. Posey would be fair and impartial and would not use any information that was provided to him by the defendant adversely. Further, the defendant wanted to negotiate a plea bargain based on the fact that his exposure would be lessen (sic) and under no circumstances did he wish to go to trial and be convicted considering the overwhelming evidence, and this conviction would have probably been obtained no matter who prosecuted the case.
The above quoted language convinces us the defendant made a knowing and intelligent waiver of his right to request recusal of Mr. Posey. However, we note that but for this court’s requesting supplemental briefs on the matter, the only evidence of a waiver would be the previously quoted simple affirmance by Ms. Minnieweather of Mr. Posey’s understanding concerning the waiver. That affirmance of Mr. Posey’s understanding in no way indicated that the defendant had been advised either of the conflict and its implications, or of his right to request recusal of Mr. Posey. We further note that our calling for supplemental appellate briefs was a matter purely within the discretion of this court, and need not be repeated in the future.
The most effective means of avoiding the type of problems presented in this case is simply for a state attorney to decline to represent the state against a criminal defendant who is a former client. This generally would be the better policy even where the defendant indicates he is willing to waive any problems concerning the former representation. Nevertheless, where representation of the state is undertaken on the basis of a waiver by the defendant, the trial court should take affirmative steps to assure the record reflects that the waiver is both knowing and intelligent. In particular, the trial court ordinarily should engage in a colloquy with the defendant, advise the defendant of the implications of his former counsel’s representing the state in his prosecution, and attempt to obtain a narrative response from the defendant. The narrative response should indicate that the defendant has been advised of his right to request recusal, that he understands the *996 implications of his former attorney representing the state, that he has discussed the matter with an attorney, and that he voluntarily waives his right to request a recusal.
We now turn to defendant’s claim that his sentence is excessive and was imposed without adequate consideration of the factors set forth in LSA-C.Cr.P. Art. 894.1. At the sentencing hearing, the judge noted he had reviewed a pre-sentence investigation report and found it contained all the information required by LSA-C. Cr.P. Art. 875. The court further noted the report reflected that the defendant was convicted of burglary in Texas in 1962, and that he received a limited pardon for the charge. However, the charge was not erased from his record for purposes of future sentencings. Therefore, the court classified the defendant as a second felony offender. The pre-sentence report further reflected the defendant was 43 years of age and married, and had two children, ages 19 and 21. The defendant dropped out of school in the tenth grade, worked at various jobs, and was at the time of sentencing self-employed as a tire salesman. When the court inquired if there was anything else the defendant would like to add to the pre-sentence, defense counsel responded in the negative.
The court proceeded to find there was an undue risk that during a period of suspended sentence or probation the defendant would commit another criminal act. The court also observed, due to the nature of the charges, that any lesser sentence would deprecate the seriousness of the offense.
A two-pronged test is used by a reviewing court to determine the excessiveness of a sentence. Under the first prong of the test, the reviewing court examines the record to determine whether the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects the judge adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The important elements which should be considered are the defendant’s personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
In this case the reasons given by the trial judge show adequate compliance with LSA-C.Cr.P. Art. 894.1, and that he carefully articulated his consideration of the sentencing guidelines. Furthermore, the trial court gave an opportunity to add to the pre-sentence, but the defendant declined.
Under the second prong of the excessive sentence test, the reviewing court examines the sentence to determine whether it is too severe given the circumstances of the ease and the background of the defendant. A sentence violates Louisiana Constitution of 1974, Art. 1, § 20 if the sentence is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
On the original offense charged, defendant faced a possible term of imprisonment of ten years at hard labor. By virtue of his plea bargain, he reduced his sentence exposure to a maximum of five years. Moreover, defendant received only one-half the already reduced maximum sentence despite the fact he was a second felony offender. Under these circumstances, the sentencing choice was well within the trial judge’s wide discretion.
For the reasons stated above, we find the defendant knowingly and intelligently waived his right to request the recusal of *997 the assistant district attorney. We further find that in sentencing the defendant the trial judge complied with LSA-C.Cr.P. Art. 894.1, and that the sentence is not excessive. We affirm the conviction and sentence.
AFFIRMED.

. LSA-C.Cr.P. Art. 680 states in pertinent part:
A district attorney shall be recused when he:
[[Image here]]
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney." Under LSA-C.Cr.P. Arts. 8 and 934(5), the term "district attorney’ includes an assistant district attorney except where the context clearly indicates otherwise.