JjCOOKS, Judge.
Kenneth Wayne Rice, defendant, was charged by bill of indictment with second degree murder, a violation' of La.R.S. 14:30.1, and attempted second degree murder, a violation of La.R.S. 14:27 & 14:30.1. After trial, a jury found Kenneth Rice guilty of commit *482 ting second degree murder and aggravated battery. He was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence and ten years at hard labor. The trial judge ordered that the sentences run consecutively. Kenneth Rice assigns only one error on appeal alleging ineffective assistance of counsel.
FACTS
On April 29, 1993, Kenneth Wayne Rice and his brother, Ronald Rice, were involved in an altercation with Shannon MeGlory and Shawn Bernard. Kenneth Rice stabbed MeGlory in his torso several times. When Shawn Bernard attempted to intervene, Kenneth Rice stabbed him in the arm. The Rice brothers then attempted to run over the two victims with a car while they were lying in the street. MeGlory |2died as a result of the stab wounds inflicted by Kenneth Rice. The brothers were arrested shortly thereafter.
On the first day of trial, at the beginning of voir dire, the state presented its witness list. John Allen Palfrey, a witness who eventually testified at trial, was not listed. However, Palfrey's name arose a number of times during other witnesses’ testimony. When the state called Palfrey as its fourth witness, Kenneth Rice’s court-appointed counsel (Gerald J. Block) alerted the trial judge to a possible conflict of interest. Block informed the trial judge he was Palfrey’s court appointed attorney in another unrelated matter.
The trial judge questioned Palfrey outside the jury’s presence regarding the extent and nature of the contact he had with Block prior to Rice’s trial. Palfrey revealed he had not conversed directly with Block. However, he disclosed he received a questionaire from Block’s office which he answered and returned. Block revealed he had not reviewed the questionaire; and, he had not interviewed Palfrey “one on one” nor had he investigated any matter or contacted any witness in furtherance of defending him on the unrelated criminal charge.
Satisfied no actual conflict existed, the trial judge released Block from his court imposed obligation to represent Palfrey and instructed Palfrey that new counsel would be appointed to represent him. The trial resumed and Palfrey was questioned by both counsels.
DISCUSSION
Rice now complains the trial court violated his right to effective assistance of counsel when it denied a mistrial after his counsel informed the trial judge one of the state’s witnesses was his client.
Generally, courts have held an attorney is unable to render effective ^assistance of counsel if he is burdened with a conflict of interest. Defendant’s right to the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution contemplates that the quality of such assistance is not threatened by a lawyer’s conflicting loyalties to another client or the duties imposed by a court order requiring him to simultaneously represent conflicting interests. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Such conflicts “usually arise in the context of joint representation of co-defendants.” Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); State v. Ross, 410 So.2d 1388, 1390 (La.1982). In certain instances, a conflict also may exist when counsel is required to cross-examine a witness who was or is his client. State v. Ross.
Once the trial judge determines there is a conflict of interest, it is presumed the defense counsel’s representation of his client will be affected. State v. Carmouche, 508 So.2d 792 (La.1987). However, “[t]he mere possibility of conflict is insufficient to reverse a criminal conviction.” State v. Ross, 410 So.2d at 1390. Unless defendant shows “his counsel actively represented conflicting interests, he has not established the constitutional predicate” necessary to support his claim of ineffective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). As instructed in State v. Carmouche:
When a conflict of interest is raised prior to trial as in Holloway, the court has the opportunity to remedy the conflict by appointing separate counsel. However, this is not a feasible alternative when the conflict does not arise until the trial is in *483 progress. Furthermore, the conflict could remain an obstacle during the defense counsel’s closing argument, where he might be required to discredit the testimony of one of his clients.
On the other hand, when counsel informs a trial judge during trial that a conflict has arisen which could jeopardize the defendant’s protection under the Sixth Amendment, the judge must take steps to investigate the nature of the conflict and to form an appropriate remedy. UWhile being mindful of the restrictions inherent in the attorney/client privilege, the judge should require the attorney to disclose the basis of the conflict. If the judge determines that the conflict is not too remote, he should explain the conflict to the defendant outside the presence of the jury and inform the defendant of his right to representation that is free of conflict. Thereafter, if the defendant chooses to exercise his right, a statement should be prepared in narrative form, which indicates that the defendant is fully aware of his right but has chosen to make a knowing and intelligent waiver thereof. See United States v. Winkle, 722 F.2d 605 (10th Cir.1983) and United States v. Martines, 630 F.2d 361 (5th Cir.1980). If the defendant opts not to waive his right to counsel that is free of conflict, the judge must offer the defendant and his counsel a mistrial under C.Cr.P. 775(1).
State v. Carmouche, 508 So.2d at 805.
Not every “possible” conflict is sufficient to warrant a mistrial. As stated in Carmouche, the conflict must not be “too remote;” it must actually exist before a trial judge is required to offer the defendant a mistrial. Block’s minimal connection with Palfrey without further showing from Rice simply was not sufficient to show that an actual conflict existed or a substantial likelihood that one existed. Defendant’s reliance on the holding in Carmouche is misplaced. First, the facts in that case are strikingly different from the present. In Carmouche, defense counsel negotiated a plea bargain for a defendant which was not finalized at the time he sought to represent Carmouche. This defendant was called as a State witness to provide testimony materially damaging to Carmouche’s case. Unlike Carmouche’s attorney, Block had not negotiated or even engaged in any plea bargain discussion with the prosecutor on Palfrey’s behalf. Second, Block’s subsequent release as Palfrey’s attorney eliminated any real or remote possibility that he might not vigorously attempt to discredit Palfrey’s testimony because of his ongoing obligation to represent him. The remedy imposed by the trial judge in this case was consistent with the Carmouche holding and adequate to protect Rice’s Sixth Amendment right | gto effective assistance of counsel. Accordingly, we must affirm his conviction.
ERROR PATENT
La.Code Crim.P. art. 880 provides, when imposing sentence, the court shall give the defendant credit for time served in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Therefore, this case is remanded to the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561.
Further, La.Code Crim.P. art. 930.8 provides, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court informed Rice, at the time of sentencing, that he had “up to three years” to apply for post-conviction relief. La.Code Crim.P. art. 930.8 provides the three-year prescriptive period commences when the judgment of conviction and sentence becomes final. Therefore, the district eourt is ordered to give Rice written notice that the prescriptive period for applying for Post Conviction Relief will begin to run when the judgment convicting and sentencing him becomes final.
AFFIRMED with Instructions.