# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-975

**STATE OF LOUISIANA**

**VERSUS**

**ALBERT SCOTT**

**********

**APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, DOCKET NO. 98301-FB
HONORABLE CHUCK R. WEST, PRESIDING**

**********

**SYLVIA R. COOKS
JUDGE**

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Phyllis M. Keaty, Judges.

**REMANDED WITH INSTRUCTIONS.**

Trent Brignac, District Attorney
Nicole F. Gil, Assistant District Attorney
P.O. Drawer 780
Ville Platte, LA  70586
(337) 363-3438
**ATTORNEY FOR APPELLEE**
   State of Louisiana

Chad Ikerd
Louisiana Appellate Project
P.O. Box 2125
Lafayette, LA  70502
(225) 806-2930
**ATTORNEY FOR DEFENDANT/APPELLANT**
   Albert Scott

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On March 2, 2014, Defendant, Albert Scott, was driving down East Main Street in Ville Platte, Louisiana. According to Defendant, a vehicle in the other lane of traffic was driving erratically, swerving between lanes. In response to this, Defendant took a handgun and fired two shots. Both of those bullets went through the back windshield of the other vehicle, with one of the bullets lodging in the center console of the vehicle.

In his statement to the police, Defendant claimed that he felt threatened by the erratic driving of the other vehicle and was simply trying to warn him by firing the gun. He acted surprised that the shots he fired struck the vehicle, as he claimed that he "thought [he] just stuck [the gun] in the air and pulled the trigger."

On March 7, 2014, Defendant was charged by bill of information with attempted second degree murder, in violation of La.R.S. 14:30.1 and 14:27. At arraignment on the charge of Attempted Second Degree Murder, the trial court appointed Alex Chapman, with the local Indigent Defender Board, to represent Defendant. At a later court appearance, Defendant requested the trial court appoint another attorney to represent him. The trial court granted the request, and Kelly Tate was appointed to represent Defendant.

On January 15, 2015, the State filed an amended bill of information, charging Defendant with attempted manslaughter, in violation of La.R.S. 14:31 and 14:27. On that same date, Defendant pled guilty to the reduced charge of attempted manslaughter without a sentencing recommendation or agreement.

Because the trial court failed to address Defendant's *Boykin* rights during the plea, his plea was vacated on January 21, 2015. At that time, Defendant again pled guilty to the charge of attempted manslaughter, without any sentencing recommendation.

On May 21, 2015, Defendant was sentenced to ten years at hard labor with credit for time served. At the sentencing hearing, the trial court allowed Mr. Chapman to stand in for Ms. Tate, who was not available on that date. On July 23, 2015, Defendant was brought back for a second "sentencing" hearing so the trial court could inform Defendant of the two-year prescriptive period for filing post-conviction relief.

Defendant now appeals, alleging his right to conflict-free counsel was violated when Mr. Chapman, his prior attorney with whom he allegedly had a conflict with, represented him at the sentencing hearing.

## ANALYSIS

In his only assignment of error, Defendant claims his right to be represented by conflict-free counsel was violated at sentencing. Defendant does not provide any details as to the nature of the conflict between himself and the attorney in question, Mr. Chapman. The only information in the record pertaining to the recusal of Mr. Chapman, is Mr. Chapman's acknowledgment on January 21, 2015, that he was previously Defendant's attorney but they "had a bit of a conflict." Other than that one reference, the record is devoid of any information regarding the reasons for the recusal of Mr. Chapman by the trial court or for the appointment of Ms. Tate in his place.

In *State v. Rice*, 95-107, p. 3 (La.App. 3 Cir. 6/7/95), 657 So.2d 481, 482, this court noted:

> Generally, courts have held an attorney is unable to render effective assistance of counsel if he is burdened with a conflict of interest. Defendant's right to the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution contemplates that the quality of such assistance in not threatened by a lawyer's conflicting loyalties to another client or the duties imposed by a court order requiring him to simultaneously represent conflicting interests . . . .

Once the trial judge determines there is a conflict of interest, it is presumed the defense counsel's representation of his client will be affected. *State v. Carmouche*, 509 So.2d 792 (La.1987). However, "[t]he mere possibility of conflict is insufficient to reverse a criminal conviction." *State v. Ross*, 410 So.2d at 1390.

The issue in this case is whether there was an "actual conflict" between Defendant and Mr. Chapman, or was there simply a personality conflict (as the State argues in its brief). Defendant infers that because he requested and was appointed a new attorney, there was automatically a conflict of interest. He relies on *State v. Franklin*, 400 So.2d 616 (La.1981), to argue that he need not prove prejudice because it is assumed where there is a showing of an actual conflict of interest. However, the only evidence in the record pertaining to the relationship between Defendant and Mr. Chapman, other than Mr. Chapman's January 21, 2015 comment, is a minute entry from July 31, 2014, which states that "[D]efendant informed the court that he request[ed] to be represented by another Indigent Defender Attorney and the court appointed Kelly Tate to represent him." The record contains no transcript from the July 31, 2014 hearing, the minute entry sheds no light on the nature of the problems between Defendant and Mr. Chapman, and appellate counsel has not given any indication he sought to supplement the record with said transcript.

In *State v. Cisco*, 01-2732, p. 18 (La. 12/3/03), 861 So.2d 118, 130, *cert. denied*, 541 U.S. 1005, 124 S.Ct. 2023 (2004), the supreme court stated:

> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to the other client.

While an actual conflict mandates reversal and would require resentencing in this case, the record does not contain evidence to support Defendant's claim that there was an "actual conflict" between he and Mr. Chapman. However, it is clear that counsel was previously substituted at Defendant's request. As previously

noted, the transcript of the relevant hearing was neither included in the record nor was there any motion to supplement filed.  Accordingly, we will remand this case to the trial court for an evidentiary hearing to be conducted within thirty days to determine whether there was an "actual conflict" between Defendant and Mr. Chapman such that Defendant must be resentenced, or whether there was merely a personality conflict between the two.  The trial court is further ordered to prepare and lodge an appellate record with this court that contains the transcript of the above-referenced evidentiary hearing within ten days of the hearing.  *See State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866.   Once the record is lodged with this court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issue arising from the hearing.

**REMANDED WITH INSTRUCTIONS.**