**Ex parte James Ray PARKER.**

**No. 69376.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1986.

James Ray Parker, pro se.

Robert Huttash, State's Atty., Austin, for the State.

---

OPINION

W.C. DAVIS, Judge.

This is a post conviction application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

---

**7.** The prosecutor's argument certainly compounded this error.

Applicant was convicted upon his plea of guilty, in Cause Nos. 5777 and 5778 in the 52nd Judicial District Court of Coryell County, of theft over $50. Applicant alleges that he was not informed of his right to appeal, that he did not waive his right to appeal and that he has been denied that right.

The presiding judge of the 52nd District Court entered findings of facts and conclusions of law, but made no finding in regard to appellant's contentions. Instead, the court stated that applicant's court-appointed attorney in the above mentioned causes was also the court reporter for the court in which the conviction was obtained. Therefore, the trial court found that applicant was denied effective assistance of counsel and the convictions are thus void.

Applicant filed a motion to amend his application and include as a ground the alleged ineffective assistance claim brought up by the district judge.

■ We accept the district court's findings and conclusions that applicant's court-appointed attorney for Cause Nos. 5777 and 5778 was the court reporter for the 52nd Judicial District Court; and that he acted in a dual capacity by acting as a court reporter in the 52nd Judicial District Court at the same time that he represented applicant in that court. See *Ex Parte Morse*, 591 S.W.2d 904 (Tex.Cr.App.1980). We agree that this conflict of interest renders his representation of applicant ineffective. The convictions in Cause Nos. 5777 and 5778 from the 52nd Judicial District Court of Coryell County are ordered set aside. The applicant is remanded to the custody of the sheriff of Coryell County to answer the above-mentioned indictments. The relief requested is granted.[1]

The clerk of this Court is ordered to forward a copy of this opinion to the Texas Department of Corrections.

1. We note that one of these above-mentioned convictions was used to enhance applicant's punishment in Cause No. 261,125 in the 184th

Judicial District Court of Harris County. Applicant must comply with Art. 11.07 in order to get appropriate relief from such conviction.