485 So.2d 999 (1986)
STATE of Louisiana
v.
William SERPAS.
No. KA-3663.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
*1000 John F. "Jack" Rowley, Dist. Atty., Chalmette, and Abbott J. Reeves, Asst. Dist. Atty., Gretna, for appellee.
Delores M. Crosbie, Indigent Defender's Office, Chalmette, for appellant.
Before REDMANN, C.J., and KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, William Serpas, was charged by bill of information with illegal possession of stolen goods, a violation of LSA R.S. 14:69.
Defendant was arraigned on March 12, 1984 and pled not guilty. Trial was held on June 20, 1984 and defendant was found guilty as charged.
Defendant was sentenced to three and one-half (3½) years at hard labor. The sentence was suspended and defendant was placed on three (3) years active probation. As a special condition of probation, defendant was ordered to pay one hundred ($100.00) dollars in restitution for damage to the stolen property.
FACTS:
On November 15, 1983, the residence of Douglas Allain, located in Reggio, Louisiana, was burglarized. In that burglary several pieces of audio equipment were taken from the residence.
Soon after the burglary, Mr. Allain learned that defendant was in possession of his property. Allain contacted defendant. Defendant admitted to Allain that he had the stereo equipment but claimed he did not know it was stolen. He offered to return the equipment and asked that Allain not involve the police. Defendant was subsequently arrested and charged with possession of the stolen equipment.
Defendant appeals his conviction and sentence asserting the following specifications of error:
1) The trial court erred by not granting defense counsel's motion to withdraw as attorney for defendant due to an actual conflict of interest.
2) The trial court erred by failing to grant defense counsel's motion for mistrial based on grounds that the jury was aware that defendant had an additional charge against him.
3) The State failed to prove that defendant knew or should have reason to believe the equipment specified in the bill of information was stolen.
On the day of trial, defense counsel was informed by the assistant district attorney handling the case, that Mark Catalanotto was going to testify against defendant. Catalanotto had been charged with a simple burglary of a residence, a violation of LSA R.S. 14:62.2. In that burglary a stereo had been taken and Catalanotto sold it to defendant who knew the stereo was stolen at the time of the sale. Defense counsel had previously represented Catalanotto in that burglary proceeding.
Defense counsel had negotiated a plea bargain on behalf of Catalanotto whereby the charge was reduced to simple burglary, a violation of LSA R.S. 14:62. In exchange for the reduction of the charge, Catalanotto agreed to testify against defendant.
Prior to jury selection, the trial judge was made aware of these facts. Defense counsel, by oral motion, moved the Court to allow her to withdraw from the representation of defendant. The court denied the motion. At the close of the State's opening argument, defense counsel moved for a mistrial based on conflicting interest. During this oral motion, defense counsel stated that she had asked to be relieved as counsel for defendant earlier that day when it was first apparent that Mr. Catalanotto would testify as a State witness. The court denied the motion.
Every criminal defendant has the right to have the assistance of an attorney during the proceedings against him. Amendment 6, U.S. Constitution; Article I, Section 13, Louisiana Constitution (1974). To insure that this right is more than merely a hollow right, the law requires that assistance of *1001 counsel be effective. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
As a general rule, courts have held that an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant he is representing.
Multiple representation does not per se violate the Sixth Amendment to the U.S. Constitution or Article I, Section 13 of the Louisiana Constitution unless it gives rise to a conflict of interest or conflicting loyalties. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Although the issue of conflicting loyalties usually arises in the context of joint representation of co-defendants, Holloway v. Arkansas, supra; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Hopper, 639 F.2d 236 (C.A. 5 1981), it has also surfaced in cases like the instant case, where an attorney runs into a conflict because he or she is required to cross-examine a witness who is testifying against the defendant and who was or is a client of the attorney. United States v. Morando, 628 F.2d 535 (C.A. 9 1980); United States v. Partin, 601 F.2d 1000 (C.A. 9 1979); State v. Rowe, 416 So.2d 87 (La.1982); State v. Franklin, 400 So.2d 616 (La.1981).
While it is true that the mere possibility of conflict is insufficient to reverse a criminal conviction, if a defendant establishes that an actual conflict of interest adversely affected his lawyer's performance, his Sixth Amendment rights have been violated. Cuyler v. Sullivan, supra. An actual conflict is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. Zuck v. Alabama, 588 F.2d 436 (C.A. 5 1979), cert. den. 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). When an actual conflict mandates reversal. Zuck v. Alabama, supra; State v. Rowe, supra; State v. Franklin, supra.
In Halloway v. Arkansas, supra., the Supreme Court held that when defense counsel timely raises the issue that a probable conflict in joint representation will occur, a trial judge's failure "to appoint separate counsel or to take adequate steps to ascertain whether the risk was too remote to warrant separate counsel" deprives the defendant of his constitutional right to assistance of counsel. The representation of an attorney that he perceives a potential conflict should be given great weight, Johnson v. Hopper, supra. When an attorney requests to withdraw as counsel because of a potential conflict, he has made a prima facie case for relief. United States v. Morando, supra.
In the instant case, defense counsel brought the conflict to the court's attention on the day of trial prior to jury selection and at the time she learned of the conflict. When the trial judge refused to allow defense counsel to resign, she was placed in a position of having to cross-examine a former client who she encouraged to testify against defendant. This created an actual conflict of interest mandating reversal.
The remaining assignments of error need not be addressed.
For the foregoing reasons, defendant's conviction and sentence are set aside and the case is remanded to the district court for a new trial.
REMANDED.