The appellant, William Pelham Browning, appeals from the denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. The appellant was convicted for trafficking in marijuana and was sentenced to 12 years in prison. This court affirmed the appellant's conviction and the Alabama Supreme Court denied certiorari review. Browning v. State,549 So.2d 548 (Ala.Cr.App. 1989).
In his petition for post-conviction relief, the appellant contends that he was denied effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. He argues that one of the attorneys representing him had a conflict of interest, which, he argues, prevented the attorney from effectively representing him. The attorney was also a municipal judge. In his capacity as a judge, he signed a search warrant to search the appellant's premises in connection with the offenses charged in this case.
A petition for post-conviction relief under Rule 32, A.R.Crim.P., was the appellant's first opportunity to raise the issue of a conflict of interest of his trial counsel. The appellant was represented by trial counsel on direct appeal.
Conflict of interest cases commonly appear in the context of "joint representations," where an attorney is representing two clients charged with the same offense. Holloway v.Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426
(1978); State v. Serpas, 485 So.2d 999, 1001 (La.App. 1986). However, conflicts of interest are not limited to that scenario and have been found in the following situations: where the attorney was called upon to cross-examination a witness he had previously represented, Commonwealth v. Goldman,395 Mass. 495, 480 N.E.2d 1023 (1985), cert. denied,474 U.S. 906, 106 S.Ct. 236, 88 L.Ed.2d 237 (1985), Serpas, supra; where the city prosecutor acted as defense counsel and city police officers were involved in the case, People v.Washington, 101 Ill.2d 104, 77 Ill.Dec. 770,461 N.E.2d 393 (1984), cert. denied, 469 U.S. 1022, 105 S.Ct. 442,83 L.Ed.2d 367 (1985); where the attorney faced the same charges for which his client was tried, Government of VirginIslands v. Zepp, 748 F.2d 125 (3d Cir. 1984); and where the judge appointed his son to represent the defendant in a guilty plea before him, State v. Browning, 475 So.2d 90
(La.App. 1985), writ granted, 478 So.2d 1229 (La. 1985), aff'd in part, rev'd in part, 483 So.2d 1008 (La. 1986). See also Annot., Circumstances Giving Rise to Prejudicial Conflictof Interests Between Criminal Defendant and Defense Counsel— Federal Cases, 53 A.L.R.Fed. 140 (1981); Annot.,Propriety and Prejudicial Effect of Counsel's RepresentingDefendant in Criminal Case Notwithstanding Counsel'sRepresentation or Former Representation of ProsecutionWitness, 27 A.L.R.3d 1431 (1969); Annot., WhatConstitutes Representation of Conflicting Interests SubjectingAttorney to Disciplinary Action, 17 A.L.R.3d 835 (1968); Annot., Constitutionality and Construction of StatuteProhibiting a Prosecuting Attorney From Engaging in the PrivatePractice of Law, 6 A.L.R.3d 562 (1966).
We hold that there was an actual conflict of interest in this case. We further find that defense counsel violated the Canons of Judicial Ethics. See Alabama Judicial Inquiry Commission Advisory Opinions 90-407 and 86-251 (part-time municipal judge is prohibited from acting as an attorney in any proceeding in which he has issued either arrest or search warrant). The Canons of Judicial Ethics, which were adopted by the State of Alabama in 1975, became effective on February 1, 1986, and state, in pertinent part, as follows:
"A part-time judge:
". . . .
 "(2) Should not act as a lawyer in a proceeding in which he has served as a *Page 341 
judge or in any other proceeding related thereto."
Section entitled "Compliance with the Canons of Judicial Ethics," following Canon 7, Canons of Judicial Ethics.
The Alabama Rules of Professional Conduct were also violated here. Rule 1.7(b) states:
 "(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interest, unless:
 "(1) the lawyer reasonably believes the representation will not be adversely affected; and
 "(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved."
The comments to Rule 1.7, Alabama Rules of Professional Conduct, shed light on this matter. They state, in part:
 "An impermissible conflict of interest may exist before representation is undertaken, in which event the representation should be declined. . . .
". . . .
 ". . . . If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice. A lawyer may not allow related business interests to affect representation. . . ."
An accused is entitled to counsel. The Sixth Amendment to the United States Constitution states:
 "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."
(Emphasis added.)
"To be more than just a hollow right, our law requires that assistance of counsel be effective." State v.Franklin, 400 So.2d 616, 620 (La. 1981). (Emphasis added.)Strickland v. Washington, 466 U.S. 668, 686,104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); Cuyler v. Sullivan,446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). See also Valdez v. Winans, 738 F.2d 1087 (10th Cir. 1984). "[T]here likewise exists a correlative right to representation that is free from any conflict of interest."United States v. Carpenter, 769 F.2d 258, 262-63 (5th Cir. 1985).
"The assistance of counsel means assistance which entitles an accused to the undivided loyalty of his counsel and which prohibits the attorney from representing conflicting interests or undertaking the discharge of inconsistent obligations."People v. Molstad, 101 Ill.2d 128, 77 Ill.Dec. 775, 775, 461 N.E.2d 398, 398 (1984). "Counsel's undivided loyalty to the client is crucial to the integrity of the entire adversary system." Goldman, 480 N.E.2d at 1032.
 "The Supreme Court has acknowledged that 'counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest,' which is 'perhaps the most basic of counsel's duties.' Strickland v. Washington, 466 U.S. 668, 690, 692, 104 S.Ct. 2052, 2065, 2067, 80 L.Ed.2d 674 (1984). The Court has recognized that the harm caused by representing conflicting interests is difficult to measure because the harm 'is in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.' Holloway v. Arkansas, 435 U.S. 475, 490, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426
(1978); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942)."
Duncan v. Alabama, 881 F.2d 1013, 1016 (11th Cir. 1989) (emphasis in original). "Loyalty to a client is . . . impaired when a lawyer cannot consider, recommend or carry *Page 342 
out an appropriate course of action for the client because of the lawyer's other responsibilities or interests." Comment, Rule 1.7, Alabama Rules of Professional Conduct. "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." Strickland, 466 U.S. at 685,104 S.Ct. at 2063.
The United States Supreme Court in Strickland v.Washington, supra, articulated two criteria which must be satisfied to show that counsel's assistance has been ineffective. A defendant must show (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result. See Strickland. For counsel to be so ineffective in a conflict of interest context that an accused has been denied his Sixth Amendment right to counsel, counsel must be hampered by an "actual conflict of interest." Exparte Parker, 704 S.W.2d 40, 41 (Tex.Ct.App. 1986);Baty v. Balkcom, 661 F.2d 391 (5th Cir. 1981), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982).
What is an "actual" conflict of interest? An actual conflict is a real conflict. McConico v. Alabama,919 F.2d 1543, 1546 (11th Cir. 1990). "A possible, speculative or merely hypothetical conflict does not suffice." Lightbourne v.Dugger, 829 F.2d 1012, 1023 (11th Cir. 1987), cert. denied,488 U.S. 934, 109 S.Ct. 329, 102 L.Ed.2d 346 (1988). "An actual conflict of interest occurs when a defense attorney places himself in a situation 'inherently conducive to divided loyalties.' Castillo [v. Estelle, 504 F.2d 1243 (5th Cir. 1974)] at 1245." Zuck v. Alabama, 588 F.2d 436,439 (5th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 63,62 L.Ed.2d 42 (1979); United States v. Carpenter,769 F.2d 258, 263 (5th Cir. 1985). See also Smith v. White,815 F.2d 1401 (11th Cir. 1987), cert. denied, 484 U.S. 863,108 S.Ct. 181, 98 L.Ed.2d 133 (1987). To prove that counsel was hampered by an actual conflict of interest, the appellant must show inconsistent interests. Smith v. White, 815 F.2d at 1404.
Here, defense counsel was the municipal judge who signed the warrant to search the appellant's premises. In that capacity, he relied on the information supplied him by the officers working on the case. On the other hand, he was representing the appellant and was obliged to question the reliability of the information from the same officers whom he had previously relied upon. "Here, the conflict could conceivably have affected the entire trial." Zuck, 588 F.2d at 439.
In Washington, supra, in which defense counsel was also a city prosecutor, the court stated:
 " '[W]hen a city prosecutor acts as defense counsel in a case where his own city police officers are involved, a struggle inevitably arises between counsel's obligation to represent his client competently and zealously, and "a public prosecutor's natural inclination not to anger the very individuals whose assistance he relies upon in carrying out his prosecutorial responsibilities." ' "
Washington, 77 Ill.Dec. at 774, 461 N.E.2d at 397. "The concern here, too, is the subtle and subconscious pressure the suggested conflict may have had on counsel."Washington, 77 Ill.Dec. at 774, 461 N.E.2d at 397. An actual conflict existed in this case.
If an "actual conflict of interest" is present, the defendant need not prove that he has been prejudiced, because "prejudice is presumed." Strickland v. Washington,466 U.S. at 692, 104 S.Ct. at 2067; Cuyler v. Sullivan,446 U.S. at 350, 100 S.Ct. at 1719. "In certain Sixth Amendment contexts, prejudice is presumed." Strickland,466 U.S. at 692, 104 S.Ct. at 2067. The Strickland, court in evaluating Cuyler, stated: "In Cuyler v.Sullivan, the Court held that prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties." Strickland, 466 U.S. at 2067, 104 S.Ct. at 2067. Duncan, supra;Serpas, supra; Washington, supra; Statev. Kirkpatrick, 443 So.2d 546, 552 (La. 1983), cert. denied, *Page 343 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 847 (1984). See alsoTwenty-First Annual Review of Criminal Procedure: UnitedStates Supreme Court and Courts of Appeals 1990-1991, 80 Geo.L.J. 1363 (1992), and cases cited therein. See alsoArmstrong v. People, 701 P.2d 17, 25 (Colo. 1985). But cf. McConico, supra, in which the Eleventh Circuit Court of Appeals held that even though an actual conflict of interest has been shown, the defendant must still show an adverse effect. McConico, 919 F.2d at 1548. However, this court's reading of Strickland, as stated above, shows that the United States Supreme Court specifically stated that in cases involving an actual conflict of interest the defendant is not required to show prejudice.Strickland, 466 U.S. at 692, 104 S.Ct. at 2067. Having found an actual conflict of interest here, we need not evaluate whether any prejudice actually occurred, because prejudice is presumed. Strickland; Cuyler, supra.
Our inquiry, however, does not cease here. "A defendant . . . may waive this right to an attorney 'unhindered by a conflict of interest.' " Goldman, 480 N.E.2d at 1031, quotingCommonwealth v. Connor, 381 Mass. 500, 504,410 N.E.2d 709 (1980). See also United States v. Partin,601 F.2d 1000 (9th Cir. 1979), cert. denied, 446 U.S. 964,100 S.Ct. 2939, 64 L.Ed.2d 822 (1980); Holloway, supra.
 "The ability to waive the right to a conflict-free attorney arises from (1) a criminal defendant's right to present his defense, with its corollary right of self-representation, and (2) his right to be represented by counsel of choice."
Goldman, 480 N.E.2d at 1031.
The waiver of the right to counsel must be knowingly and intelligently made. "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst,304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). See also United States v. Noble, 754 F.2d 1324, 1333 (7th Cir. 1985), cert. denied, 474 U.S. 818, 106 S.Ct. 63,88 L.Ed.2d 51 (1985); United States v. Bradshaw, 719 F.2d 907,911 (7th Cir. 1983). ' "[I]t would be fitting and appropriate for [a waiver] to appear upon the record.' " Cuyler,446 U.S. at 351, 100 S.Ct. at 1720. (Brennan, J., concurring in Part III and the result), quoting Johnson v. Zerbst,304 U.S. at 465, 58 S.Ct. at 1023.
Here, the appellant testified at his post-conviction hearing that he did not waive his constitutional right to "effective" assistance of counsel. He stated that during the trial his counsel told him that there was "a problem" but that he was going to take care of it. When counsel brought the fact that he had signed the search warrant for the search of the appellant's premises to the attention of the trial court, a hearing was held in the judge's chambers outside the appellant'spresence. It appears from the record that the court and defense counsel agreed among themselves that it was not necessary for counsel to withdraw. Counsel stated at the post-conviction hearing that he did talk with the appellant after this fact was brought to the court's attention.[1]
However, there is no indication in the trial record that the appellant voluntarily waived his right to conflict-free counsel. "[A] finding of waiver of a constitutional right to counsel should not be made lightly," and we will "indulge ' "every reasonable presumption against waiver" of [a] fundamental constitutional right. . . .' " Goldman, 480 N.E.2d at 1031. From the record, it does not appear that there was a voluntary waiver of the appellant's right to counsel as guaranteed by the Sixth Amendment.
Neither was the error that occurred here harmless. Although no evidence was introduced at trial that was discovered as a result of the execution of the search warrant, " '[i]t is well established that when counsel is confronted with an actual conflict *Page 344 
of interest prejudice must be presumed, and except under the most extraordinary circumstances, the error cannot be considered harmless.' " Baty, 661 F.2d at 395, quotingTurnquest v. Wainwright, 651 F.2d 331, 334 (5th Cir. 1981). See Cuyler, supra; State v.LeMelle, 353 So.2d 1312, 1314 (La. 1977).
We do not question defense counsel's intent; he brought this violation of legal and judicial ethics, and of his clients rights, to the attention of the trial court. However, counsel did violate the Canons of Judicial Ethics and was guilty of an "actual" conflict of interest at trial. Loyalty is essential to due process and that loyalty was affected here by defense counsel's conflicting interests. Castillo, supra. The integrity of our justice system requires that a "bright line" rule be applied here to answer further questions on this issue.
The appellant's petition for post-conviction relief under Rule 32, A.R.Crim.P., should have been granted. Because an "actual" conflict of interest rendered the appellant's trial "fundamentally unfair," Turnquest, supra, we reverse the appellant's conviction, and remand this cause for a new trial at which time the appellant shall be represented by counsel who does not have any conflict of interest.
REVERSED AND REMANDED.
All the Judges concur.
[1] When an "actual" conflict of interest is present, we will reverse the judgment even though the issue was not first presented to the trial court. Self v. State,564 So.2d 1023, 1033 (Ala.Cr.App. 1989), cert. quashed, 564 So.2d 1035
(Ala. 1990).