The appellant, Phillip D. Hallford, appeals from the denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. The appellant was convicted of murder made capital because it was committed during the course of a robbery. §13A-5-40(a)(2), Code of Alabama 1975. He was sentenced to death by electrocution. We affirmed his conviction in Hallford v.State, 548 So.2d 526 (Ala.Cr.App. 1988), after searching the record for plain error. Rule 45A, A.R.App.P. The Alabama Supreme Court affirmed, EX PARTE Hallford, 548 So.2d 547 (Ala. 1989), and the United States Supreme Court denied certiorari review in Hallford v. Alabama, 493 U.S. 945, 110 S.Ct. 354,107 L.Ed.2d 342 (1989). The current appeal is a result of the denial of his petition collaterally attacking the appellant's conviction and sentence of death.
The state's evidence at the guilt phase of the appellant's trial tended to show that in the early morning of April 13, 1986, the appellant forced his daughter to entice her boyfriend, Charles Eddie Shannon, to a secluded bridge. He then shot Shannon once in the roof of the mouth. While Shannon was still alive, Hallford dragged him to the side of the bridge and shot him two more times, once in the front of the left ear and once in the forehead. The appellant then threw the body over the bridge railing and into the water.
Sometime after the shooting, the appellant returned to the scene of the crime to remove the blood from the bridge. The next day the appellant burned the victim's wallet and its contents. These events were witnessed in part by the appellant's daughter and his son, who testified against him at trial. While the appellant was burning the victim's wallet he commented that the victim was a "cheapskate" because he said he found no money in the wallet. However, the victim's father testified *Page 8 
that he had given the victim money on the afternoon of his disappearance. The victim's badly decomposed body was discovered in the water approximately two weeks after the shooting.
The appellant maintained at trial that he did not kill the victim and that he was nowhere near the bridge when the murder occurred.
On appeal from the denial of his petition for post-conviction relief, the appellant raises several issues that are procedurally barred from our consideration. See procedural default grounds of Rule 32, A.R.Crim.P., which are applied with equal force to collateral proceedings on a death penalty case.Thompson v. State, 615 So.2d 129 (Ala.Cr.App. 1992). We will address those issues that are not procedurally barred from our review.
 I
The appellant initially argues that the trial court's judgment is entitled to no deference on appeal because the court adopted the proposed opinion and order drafted by the State and failed to independently assess the appellant's contentions. We do not agree.
The record contains a proposed opinion and order recommended by the State. The record also contains the judgment and order of the trial court. In the court's order, the following statement appears:
 "The Court hereby adopts the opinion and order filed by the State, marked exhibit 'A' and incorporated herein as set out in detail as the judgment of the Court. The adoption of this order is based on the Court's own evaluation of the evidence and law in the case."
(Emphasis added.)
Two months after the proposed opinion and order were filed by the state, the trial court issued its opinion and order denying the petition. The court's six-page opinion and order, though stating that it adopted the state's opinion and order, evaluated each allegation raised by the appellant.
As this court stated in Hubbard v. State, 584 So.2d 895, 900
(Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 896,116 L.Ed.2d 798 (1992):
 " '[E]ven when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.' Anderson v. Bessemer City, North Carolina, 470 U.S. 564, 572, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 527 (1985). See also United States v. El Paso Natural Gas Co., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964) (verbatim findings are not to be summarily rejected and will stand if supported by the evidence); Weeks v. State, 568 So.2d 864 (Ala.Cr.App. 1989), cert. denied, Weeks v. Alabama, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990) (issue discussed in dicta); Morrison v. State, 551 So.2d 435 (Ala.Cr.App. 1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990) (trial court's findings of fact and conclusions of law were not clearly erroneous and adoption of findings and conclusions was proper)."
See Williams v. State, 627 So.2d 985 (Ala.Cr.App. 1991). See also Thompson, supra.
We do not have a situation here where the trial court merely adopted verbatim the proposed order of the State. It is clear from the trial court's order denying the petition that the trial court independently evaluated each allegation and denied the petition.
 II
The majority of the appellant's allegations in his petition concern the performance of his trial counsel. The right to counsel as guaranteed by the Sixth Amendment to the United States Constitution encompasses the right to "effective assistance of counsel." Browning v. State, 607 So.2d 339, 340
(Ala.Cr.App. 1992). Cuyler v. Sullivan, 446 U.S. 335, 344,100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).
To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "The appellant must show that his counsel's performance was unreasonable, considering all of the attendant circumstances. . . . *Page 9 
'[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' Strickland, 466 U.S. at 690, 104 S.Ct. at 2066."
Duren v. State, 590 So.2d 360, 362 (Ala.Cr.App. 1990), aff'd590 So.2d 369 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 1594, 118 L.Ed.2d 310 (1992).
When this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable. Luke v.State, 484 So.2d 531, 534 (Ala.Cr.App. 1985). The burden is on the appellant to show that his counsel's conduct was deficient.Luke.
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065-66. (Citations omitted.) Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.Cr.App. 1987).
Initially we must determine whether counsel's performance was deficient. We must evaluate whether the action or inaction of counsel of which the petitioner complains was a strategic choice. "Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable. . . ."Lawley, 512 So.2d at 1372. This court must avoid using "hindsight" to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel's actions before determining whether counsel rendered ineffective assistance. Falkner v. State, 586 So.2d 39
(Ala.Cr.App. 1991).
The appellant contends that his counsel performed ineffectively in advising him to testify at the guilt stage, thereby opening the door for testimony concerning his incestuous relationship with his daughter, the victim's girlfriend, at the penalty phase.
At the evidentiary hearing on the appellant's petition, the appellant's trial counsel testified that he advised the appellant to testify because he believed that all jurors liked to hear the accused's side of the story. The final decision of whether to testify was left to the appellant, who chose to take the stand and to testify in his own behalf. Trial counsel stated that by questioning the appellant about his relationship with his two children and about the appellant's disapproval of some of the children's conduct, he hoped to show the jury that because of the strict discipline he imposed and because of the appellant's disapproval of his children's conduct, the children had conspired to testify against him. This was a strategic choice made by appellant's counsel, which was consistent with the appellant's defense at trial — that he was not involved in the killing. After reviewing the overwhelming evidence against the appellant and the options available to counsel, we cannot say under these circumstances that counsel's conduct was deficient.
The appellant also argues that his counsel rendered ineffective assistance in not requesting a limiting instruction on the evidence of his incestuous relationship with his daughter. He maintains that such an instruction should have been given because the evidence was admissible only to rebut the *Page 10 
appellant's testimony at the guilt phase. The appellant maintains that because such an instruction was not given, the jury could have considered the incestuous relationship when determining whether the crime was "especially heinous, atrocious or cruel." As the state correctly argues in its brief, the trial court thoroughly instructed the jury on the aggravating circumstances. Furthermore, this court on direct appeal reviewed the court's instructions and found no plain error. A finding of no plain error is one factor to consider when assessing the performance of trial counsel. Taking into account the facts of this case, we cannot say that counsel's performance was ineffective for failing to request such a limiting instruction.
The appellant next argues that his trial counsel rendered ineffective assistance of counsel in failing to present mitigating evidence at the penalty phase of the proceedings. The appellant's defense was that he did not commit the crime. The strategy of appellant's counsel at the penalty phase was consistent with the appellant's defense. Counsel's strategy at the penalty phase of the proceedings was to plead for mercy. Trial counsel put the appellant's mother and the appellant on the stand so that they both could plead for the appellant's life. He considered offering other evidence but decided against it. Trial counsel was not unfamiliar with the appellant; he had represented him in other proceedings before this capital murder trial. This is another instance of a tactical choice made by counsel, one as to which this court will accord a "strong presumption of correctness." Duren, 590 So.2d at 366. Counsel's decision not to present other evidence in mitigation, given the overwhelming evidence against the appellant and the circumstances of the case, was a tactical decision and did not amount to ineffective assistance of counsel.
The appellant next argues that his counsel's performance was ineffective because counsel failed to assure that the opening and closing arguments of counsel would be transcribed into the record. The record reflects that before trial the appellant's counsel moved to have the arguments of counsel recorded and made a part of the record. The trial court, however, denied the motion and stated that when an objection was made, the relevant part of the statement objected to would be recorded along with the objection.
The appellant was tried in March 1987. At that time, §12-17-275, Code of Alabama 1975, which specifies the duties of court reporters, stated that the reporter should take full stenographic notes of all proceedings except arguments of counsel. In September 1987, § 12-17-275 was superseded by the adoption of Rule 21, A.R.Crim.P.Temp., which provided for the transcription of arguments of counsel in cases involving the death penalty. The actions of the appellant's trial counsel were consistent with the law at the time of the appellant's trial.
The appellant has two main arguments concerning the statements made by the prosecution in its remarks to the jury. He argues that the prosecution improperly commented on the impact of the victim's death on the victim's family. To the extent that the appellant's argument focuses on Booth v.Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, 490 U.S. 805, 109 S.Ct. 2207,104 L.Ed.2d 876 (1989), we note that the United States Supreme Court recently in Payne v. Tennessee, ___ U.S. ___,111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), specifically overruled this line of cases dealing with statements made by counsel concerning the impact of the death on the victim's family.
The appellant's second argument regarding closing remarks made by the prosecution is that the prosecution downplayed the jury's function by stating that whether or not it voted to sentence the appellant to death, its vote was only a recommendation to the trial court. We have consistently held that no reversible error occurs when the trial court instructs the jury that its penalty phase verdict is an advisory verdict.White v. State, 587 So.2d 1218 (Ala.Cr.App. 1990), aff'd,587 So.2d 1236 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 979, 117 L.Ed.2d 142 (1992).
Furthermore, evidence at the evidentiary hearing as to what was said during the opening *Page 11 
and closing arguments was contradictory. Several jurors testified that they did not remember trial counsel making any of the complained of remarks to the jury. Factually, this issue was in dispute and was thus decided adversely to the appellant when the trial court denied the petition in this regard. We will accord its ruling great deference on appeal.
The appellant next argues that his counsel's conduct was ineffective in failing to request a jury instruction on the aggravating circumstance that the murder was "especially heinous, atrocious or cruel," § 13A-5-49(8), Code of Alabama 1975. This court in its original opinion thoroughly discussed the trial court's instructions on this aggravating circumstance and found that the instructions were sufficient. Having found that the instructions were sufficient in Hallford, 548 So.2d at 543, we conclude that the issue of whether counsel's performance was ineffective for not objecting to the instructions is without merit.
The appellant also argues in regard to this aggravating circumstance that his counsel rendered ineffective assistance by not forcing the prosecution to present evidence of other capital murder cases so the jury could compare whether the circumstances in this case were similar to those in other cases or whether this one was "especially heinous, atrocious or cruel." This argument was specifically rejected by this court in Ex parte Bankhead, 585 So.2d 112 (Ala. 1991), thus counsel's performance was not ineffective in failing to advance it.
The appellant next argues that his counsel's performance was ineffective in failing to make a Cage v. Louisiana,498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), objection to the trial court's instruction on reasonable doubt. The appellant was tried and convicted of capital murder in 1987, approximately three years before Cage was released. We cannot say that counsel's performance was deficient for failing to forecast changes in the law. Duren, supra.
The appellant next contends that his trial counsel's performance was deficient because he did not question the prospective jurors about whether they would automatically sentence the appellant to death if he was found guilty. Trial counsel thoroughly questioned the prospective jurors about their ability to impartially decide the case before them. He did not specifically ask the veniremembers whether they favored the death penalty. As the State correctly argues, this court has held that no plain error occurs when the trial court does not question the veniremembers on whether they are in favor of the death penalty. Henderson v. State, 583 So.2d 276
(Ala.Cr.App. 1990), aff'd, 583 So.2d 305 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). Under these circumstances, we cannot say that counsel's performance prejudiced the appellant.
The appellant next lists several places in the trial court's instructions to the jury, both in the guilt and the penalty phases of this trial, where he contends his counsel should have objected. As stated previously, this court on direct appeal reviewed the entire record for plain error and found none. We hold that counsel did not render ineffective assistance by failing to object to the court's oral charge to the jury.
The appellant's last contention dealing with the performance of his trial counsel is that his counsel's performance was deficient in failing to object to the contents of the presentence report. The contents of the report were reviewed by this court on direct appeal under the plain error doctrine. Having found no plain error, we hold that counsel did not render ineffective assistance of counsel by failing to object to the contents of the report.
 III
The appellant next argues that Alabama's statutory scheme for compensating attorneys, § 15-12-21(d), Code of Alabama 1975, denied him the right to effective assistance, due process and equal protection. Section 15-12-21(d) provides, in pertinent part:
 ". . . In cases where the original case involves a capital offense or a charge which carries a possible sentence of life without *Page 12 
parole, the limits shall be $1,000.00 for out-of court work, plus payment for all in-court work. . . ."
This statute has withstood constitutional attack. The Alabama Supreme Court in Ex parte Grayson, 479 So.2d 76 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985), addressed all three constitutional issues concerning Alabama's statutory scheme for compensating attorneys in capital cases and determined the issues adversely to the appellant. The Alabama Supreme Court stated:
 "These contentions are made on the premise that lawyers will not provide effective assistance unless paid a certain amount of money. But the legal profession requires its members to give their best effort in 'advancing the "undivided interest of [their] client[s]." ' Polk County v. Dodson, 454 U.S. 312, 318-19, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981). This Court, in Sparks v. Parker, 368 So.2d 528, 530 (Ala. 1979), quoted the New Jersey Supreme Court as follows:
 " 'We know of no data to support a claim that an assigned attorney fails or shirks in the least the full measure of an attorney's obligations to a client. Our own experience, both at the bar and on the bench, runs the other way. A lawyer needs no motivation beyond his sense of duty and his pride. [State v. Rush, 46 N.J. 399, 405-07, 217 A.2d 441, 444-45 (1966).]' "
Grayson, 479 So.2d at 79-80. (Emphasis supplied.)
 IV
The appellant next argues that his counsel's performance was ineffective because he had a conflict of interest that affected his performance. Specifically, he contends that his attorney was negotiating a contract on behalf of the appellant with a production company for an option to dramatize the appellant's version of the facts of the case.
 "For counsel to be so ineffective in a conflict of interest context that an accused has been denied his Sixth Amendment right to counsel, counsel must be hampered by an 'actual conflict of interest.' Ex parte Parker, 704 S.W.2d 40, 41 (Tex.Ct.App. 1986); Baty v. Balkcom, 661 F.2d 391 (5th Cir. 1981), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982).
 ". . . To prove that counsel was hampered by an actual conflict of interest, the appellant must show inconsistent interests."
Browning, 607 So.2d at 342.
The appellant's trial attorney stated the following at the evidentiary hearing:
 "I did not get myself involved in any kind of negotiations about this proposed movie or this production. I know that it's a special field of law that involves itself with contracts and productions of movies and I'm not familiar with any of that. I didn't involve myself in any of that."
The trial court determined after hearing the testimony that this claim of a conflict of interest was factually inaccurate. The trial court's ruling in this regard is supported by the evidence presented at the evidentiary hearing. We will accord its ruling great deference on appeal.
 V
Last, appellate counsel makes 17 arguments in a 2-page footnote at the end of his brief. He gives no statement of why these arguments should be reviewed; he merely cites a laundry list of arguments that he states in his brief are too numerous to address. As Judge Patterson stated in Haney v. State,603 So.2d 368, 401 (Ala.Cr.App. 1991), aff'd, 603 So.2d 412 (Ala. 1992), "This activity smacks of 'sandbagging,' which has been strongly condemned by the Supreme Court in Murray v. Carrier,477 U.S. 478 [106 S.Ct. 2639, 91 L.Ed.2d 397] (1986)." In fact, in oral arguments before this court, appellate counsel candidly admitted that he raised these issues in a footnote so that he would not be procedurally barred from raising them in a federal habeas corpus proceeding.
This court would be correct in refusing to address these issues for the reasons stated in Rule 28(a)(5), A.R.App.P. This rule states in pertinent part: *Page 13 
 "The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relief on. . . ."
However, because of the nature of this case, we have chosen to address the issues raised by the appellant in his footnote.
The appellant argues that the jury instructions that the court gave or those that it failed to give violated his constitutional rights. This court in its opinion on direct appeal reviewed the entire record of the appellant's trial for plain error. Rule 45A, A.R.App.P. Had we found any questionable instructions or the failure to give any necessary instructions, this court would have reversed the judgment and remanded the cause for a new trial. The jury instructions have been reviewed and determined to be sufficient under the plain error doctrine.
The appellant next contends that numerous statements made by the district attorney resulted in the violation of his constitutional rights. This issue was addressed previously in this opinion.
The appellant next argues in his footnote that the voir dire examination of the prospective jurors violated his constitutional rights. We have addressed this issue in part previously in this opinion. We have also reviewed this allegation and find no error.
The appellant next argues that the use of the offense of robbery as an aggravating circumstance to partially justify the imposition of the death penalty violated his constitutional rights. This issue was addressed in our opinion on direct appeal and determined adversely to the appellant.
The appellant also argues that his constitutional rights were violated because, he says, he was not given statements made by the prosecution's witnesses. According to Rule 16.1(e), A.R.Crim.P., statements made by witnesses are not discoverable. No constitutional violation occurred here.
The appellant next argues that his sentence to death was excessive and disproportionate to the crime charged. As required by § 13A-5-53(b), this court in our opinion on direct appeal addressed this issue and determined that the appellant's sentence was neither excessive nor disproportionate. Hallford.
The appellant's next footnote argument is that Alabama's rule of allowing evidence presented at the guilt stage of the proceedings to be considered by the jury when determining the sentence violates his constitutional rights. We have reviewed this issue and determine it adversely to the appellant.
The appellant's next argument is that the prosecution made prejudicial comments related to the impact of the victim's death on the victim's family. We have addressed this issue previously in this opinion.
The appellant next contends that his sentence to death violates the United States Constitution and the laws and the constitution of the State of Alabama. The death penalty has consistently withstood constitutional attack. Williams v.State, 627 So.2d 985 (Ala.Cr.App. 1991); Harrell v. State,470 So.2d 1303 (Ala.Cr.App. 1984), aff'd, 470 So.2d 1309 (Ala. 1985), cert. denied, 474 U.S. 935, 106 S.Ct. 269,88 L.Ed.2d 276 (1985); Wright v. State, 494 So.2d 726 (Ala.Cr.App. 1985), aff'd, 494 So.2d 745 (Ala. 1986), cert. denied, 479 U.S. 1101,107 S.Ct. 1331, 94 L.Ed.2d 183 (1987).
The appellant next argues that his counsel's performance was deficient in the way he pursued the appellant'sFourth Amendment claims on appeal. The appellant's Fourth Amendment claims were thoroughly reviewed and addressed by this court inHallford, supra, and were decided adversely to the appellant.
The appellant also argues that his counsel performed ineffectively in that he did not present evidence at the penalty phase of the trial regarding the aggravating circumstance that the crime was especially heinous, atrocious, or cruel when compared to other capital offenses. We have discussed this issue earlier in this opinion and found that counsel's performance was not ineffective in this regard.
The appellant also contends that his trial counsel's performance was ineffective in failing to present an effective defense. An effective defense does not necessarily result in *Page 14 
acquittal. We cannot view the conduct of trial counsel using hindsight. Given the overwhelming evidence of the appellant's guilt, we conclude that the strategic choices made by appellant's trial counsel did not constitute ineffective assistance of counsel.
The appellant also argues that his trial counsel's performance was deficient in failing to investigate the circumstances of the crime and in failing to determine whether evidence existed supporting alternative causes of the victim's death. A review of the evidentiary hearing shows that appellant's trial counsel adequately inquired into the facts of the case and chose a defense to develop at trial. Counsel's performance was not deficient in this regard.
The appellant next argues that counsel's performance was deficient in failing to seek a change of venue. Appellant's trial counsel testified at the evidentiary hearing that after he had questioned the prospective jurors about their exposure to the publicity surrounding this case he felt that there were no grounds for a change of venue. There was no evidence presented tending to prove that the appellant could not have received a fair trial in the county in which he was tried. Counsel's performance was not deficient in this regard.
Last, the appellant argues that he is entitled to a new trial based on newly discovered evidence pointing to his innocence. The appellant's son testified at trial that he had seen the appellant attempt to melt the gun used in the murder. At the evidentiary hearing, the appellant's son stated that he did not see the appellant melt the gun. The trial court, when deciding this issue, faced a credibility question. It chose to believe that the appellant's son was telling the truth at trial and not at the evidentiary hearing. We accord the trial court's ruling deference. The trial court was in a better position than this court to rule on this question because the trial judge was able to observe the demeanor of the witness.
Furthermore, the appellant has failed to meet the test to obtain a new trial based on perjured trial testimony. Ex parteFrazier, 562 So.2d 560 (Ala. 1989).
The trial court's denial of the appellant's petition for post-conviction relief under Rule 32, A.R.Crim.P., was correct.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.