The appellant, Benjamin Frank Cox, appeals from the denial of his petition for post-conviction relief under Rule 32, Ala.R.Crim.P. The appellant was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to 99 years in the penitentiary. We affirmed his conviction inCox v. State, 585 So.2d 182 (Ala.Cr.App. 1991), cert. denied,503 U.S. 987, 112 S.Ct. 1676, 118 L.Ed.2d 394 (1992). The current appeal is from the denial of his petition collaterally attacking his conviction and sentence.
He raises two issues on appeal.
 I
The appellant first contends that his counsel's performance was ineffective at trial and on appeal. The right to counsel as guaranteed by the Sixth Amendment to the United States Constitution means the right to "effective assistance of counsel." Browning v. State, 607 So.2d 339, 340
(Ala.Cr.App. 1992). Cuyler v. Sullivan, 446 U.S. 335, 344,100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).
To prevail on a claim of ineffective assistance of counsel, the appellant must show (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The appellant first argues that his counsel's performance was ineffective in that he failed to make a Cage v. Louisiana,498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), objection to the trial court's instruction on reasonable doubt and failed to argue Cage on direct appeal. In Cage, the United States Supreme Court held that jury instructions that used the phrases "grave uncertainty," "actual substantial doubt," and "moral certainty" in defining reasonable doubt violated the due process clause of the Fourteenth Amendment.
However, in Victor v. Nebraska, ___ U.S. ___, 114 S.Ct. 1239,127 L.Ed.2d 583 (1994), the Court modified its holding in Cage.
The Court in Victor held that, while it did not condone the use of the above words in a reasonable doubt instruction, the use of these words does not automatically render the instruction unconstitutional if "taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury." In Victor, the instructions also included the following: (1) "[A] doubt that would cause a reasonable person to hesitate to act"; (2) "The jurors were told that they must be convinced of Victor's guilt 'after full, fair, and impartial consideration of all the evidence' "; and (3) "In determining any issues of fact presented in this case, you should be governed solely by the evidence introduced before you. You should not indulge in speculation, conjectures, or inferences not supported by the evidence." The Court held that all of these, taken as a whole, would not so define reasonable doubt "as to lead the jury to convict on a lesser showing than due process requires." ___ U.S. at ___, 114 S.Ct. at 1251,127 L.Ed.2d at 600.
The appellant was tried and convicted in 1989, over one year before Cage was released. We will not say that counsel's performance at trial was deficient for failing to forecast changes in the law. Hallford v. State, 629 So.2d 6, 11
(Ala.Cr.App. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 1870,128 L.Ed.2d 491 (1994). *Page 235 
However, Cage was released while the appellant's case was pending on direct appeal. The appellant contends that his counsel should have filed a supplemental brief addressing Cage
while his case was on direct appeal to this court.
While the trial court's instructions did contain the terms "moral certainty" and "actual and substantial doubt," those instructions taken as a whole thoroughly explained reasonable doubt and satisfied Victor and Cage. Therefore, the appellant has not shown that his counsel's performance was deficient by not raising this issue on appeal.
The appellant also contends that his counsel's assistance was ineffective because counsel failed to move for a change of venue after his first trial resulted in a mistrial. This court has held that a decision not to request a change of venue is not ineffective assistance of counsel, but is rather a matter of trial strategy. Williams v. State, 489 So.2d 4, 7
(Ala.Cr.App. 1986).
The appellant further contends that his counsel's assistance was ineffective because counsel did not file a motion to dismiss the indictment on the ground that there was an alleged material variance between the indictment and the evidence at trial. More specifically, the appellant contends that the evidence presented at trial was that the appellant aided and abetted in a murder. However, the appellant was indicted under the murder statute, § 13A-6-2, Code of Alabama 1975, and not the criminal complicity statute, § 13A-2-23, Code of Alabama 1975. Therefore, the appellant contends that his conviction was based on a defective indictment.
This court recently held that counsel's assistance was not ineffective for failing to raise the issue whether a fatal variance between an indictment for murder and proof at trial establishing complicity or aiding and abetting existed.Daniels v. State, 650 So.2d 544 (Ala.Cr.App. 1994). This court pointed out that the distinction between principals, accessories, aiders, abettors, and conspirators has been abolished in Alabama for purposes of indictment, trial, and sentencing. Daniels, supra. Therefore, no variance existed and counsel's assistance was not ineffective for failing to raise this issue.
 II
The appellant last contends that the Circuit Court for Mobile County did not have proper jurisdiction to impose a sentence on him because, he says, there was no proof offered at trial that the victim was abducted and murdered in Mobile County. This issue is one of venue and should have been raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
Furthermore, this court has repeatedly held that finding the body of a murder victim in a certain county is sufficient evidence that venue in that county is proper. Meyer v. State,575 So.2d 1212 (Ala.Cr.App. 1990).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.