TAYLOR, Presiding Judge.
This case was originally assigned to another judge and was reassigned to Judge Taylor on April 8,1996.
The appellant, Adrian Brooks, was convicted of possessing a controlled substance, i.e., cocaine, and of distributing a controlled substance, i.e., cocaine, violations of §§ 13A-12-212 and 13A-12-211, Code of Alabama 1975, respectively. He was sentenced to seven years in the state penitentiary on each conviction.
The appellant contends that the trial court erred in denying trial counsel’s motion to withdraw because, he says, his counsel had a conflict of interest. Counsel for the appellant had previously represented the confidential informant who was instrumental in the appellant’s arrest. Not only had counsel represented the informant but counsel had represented the informant in the case that led to the appellant’s arrest. Before trial, in his motion to withdraw, counsel brought this fact to the trial court’s attention and also stated that he did not know if any agreement had been worked out between the confidential informant and the district attorney’s office in return for the informant’s testimony in this ease. The trial court denied the motion.
The Sixth Amendment to the United States Constitution guarantees an accused the right to counsel. . This provision states:
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.”
The right to counsel is the right to “effective assistance of counsel.” Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). This court in Browning v. State, 607 So.2d 339 (Ala.Cr.App.1992), stated the following concerning eases in which counsel may have a conflict of interest:
“ ‘The assistance of counsel means assistance which entitles an accused to the undivided loyalty of his counsel and which prohibits the attorney from representing conflicting interests or undertaking the discharge of inconsistent obligations.’ People v. Molstad, 101 Ill.2d 128, 77 Ill. Dec. 775, 775, 461 N.E.2d 398, 398 (1984). ‘Counsel’s undivided loyalty to the client is crucial to the integrity of the entire adversary system.’ [Commonwealth v.] Goldman, [395 Mass. 495,] 480 N.E.2d [1023 (1985) ] at 1032 [cert. denied, 474 U.S. 906, 106 S.Ct. 236, 88 L.Ed.2d 237 (1985)].
“ ‘The Supreme Court has acknowledged that “counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest,” which is “perhaps the most basic of counsel’s duties.” Strickland v. Washington, 466 U.S. 668, 690, 692, 104 S.Ct. 2052, 2065, 2067, 80 L.Ed.2d 674 (1984). The Court has recognized that the harm caused by representing conflicting interests is difficult to measure because the harm “is in what the advocate finds himself compelled to refrain from- doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.” Holloway v. Arkansas, 435 U.S. 475, 490, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978); Glasser v. *1287 United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).’ ”
“Duncan v. Alabama, 881 F.2d 1013, 1016 (11th Cir.1989) (emphasis in original). ‘Loyalty to a client is ... impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer’s other responsibilities or interests.’ Comment, Rule 1.7, Alabama Rules of Professional Conduct. ‘The Sixth Amendment recog-nÍ2¡es the right to the assistance of counsel because it envisions counsel’s playing a role that is critical to the ability of the adversarial system to produce just results.’ Strickland, 466 U.S. at 685, 104 S.Ct. at 2063.”
607 So.2d at 341-42.
This case is factually undistinguishable from Pinkerton v. State, 395 So.2d 1080 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1090 (Ala.1981), and is governed by this court’s holding in Pinkerton. In Pinkerton, the attorney for the defendant had previously represented the informant involved in the defendant’s arrest. This court found that an actual conflict of interest existed and that the defendant was denied the most basic of rights — the right to effective assistance of counsel. This court in Deerman v. State, 466 So.2d 1013 (Ala.Cr.App.1984), writ denied, 466 So.2d 1020 (Ala.1985), summarized Pinkerton, stating:
“The guarantee of the Sixth Amendment to the assistance of counsel for one’s defense includes the right to the assistance of an attorney unhindered by a conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 355, 100 S.Ct. 1708, 1721, 64 L.Ed.2d 333 (1980); Holloway v. Arkansas, 435 U.S. 475, 483, n. 5, 98 S.Ct. 1173, 1178, n. 5, 55 L.Ed.2d 426 (1978). ‘Actionable eonflict[s] of interest[ ]’ have been found to exist with respect to the representation by the same defense counsel of a non co-defendant prosecution witness at a separate proceeding. Annot. 18 A.L.R.4& 360, Section 12(a) (1982), citing Pinkerton v. State, 395 So.2d 1080 (Ala.Crim.App.1980), cert. denied, 395 So.2d 1090 (Ala.1981). In Pinkerton, a drug sale prosecution, a conflict was found where defense counsel had previously represented the informant who was the prime figure in the arrest of the defendant. The informant had been convicted of selling narcotics, and had agreed to cooperate with law enforcement officers in exchange for a recommendation of a mitigated sentence and had not yet been sentenced. This Court found it ‘clear ... that appellant’s trial attorney could not very well seek to fully represent the appellant, when that representation would of necessity involve an attack upon the credibility of the chief witness....’”
466 So.2d at 1016.
If an “actual conflict of interest” is present, as this court found in Pinkerton, the defendant need not prove that he has been prejudiced, because “prejudice is presumed.” Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An actual conflict of interest existed here, and the trial court erred to reversal in denying counsel’s motion to withdraw.
For the foregoing reasons, the judgment in this ease is reversed and the cause remanded to the Circuit Court for Houston County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except McMILLAN, J., who dissents with opinion.