TAYLOR, Presiding Judge,
dissenting from unpublished memorandum.
I dissent from the majority’s holding in this memorandum opinion that the trial court did not err in denying the appellant’s motion to withdraw his guilty plea. Specifically, the appellant contends that the trial court erred in denying his motion to withdraw his guilty plea in that his counsel’s performance was ineffective because his counsel suffered from a conflict of interest in representing both he and his wife who were charged with the same offense. The majority concludes that no error occurred here because the issue was not presented until he filed a motion to withdraw his plea and also that the appellant failed to prove any prejudice. I do not agree.
Initially, I believe that the appellant has preserved this issue for this court’s consideration by raising this contention in his motion to withdraw his plea. Issues concerning the voluntariness of a guilty plea are correctly preserved by objection, motion for a new trial, or motion to withdraw the plea. Acree v. State, 673 So.2d 855 (Ala.Cr.App.1995).
Furthermore, as this court stated in Browning v. State, 607 So.2d 339, 342 (Ala.Cr.App.1992):
“For counsel to be so ineffective in a conflict of interest context that an accused has been denied his Sixth Amendment right to counsel, counsel must be hampered by an ‘actual conflict of interest.’ Ex parte Parker, 704 S.W.2d 40, 41 (Tex.Cr.App.1986); Baty v. Balkcom, 661 F.2d 391 (5th Cir.1981), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982).
“What is an ‘actual’ conflict of interest? An actual conflict is a real conflict. McConico v. Alabama, 919 F.2d 1543, 1546 (11th Cir.1990). ‘A possible, speculative or merely hypothetical conflict does not suffice.’ Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11th Cir.1987), cert. denied, 488 U.S. 934, 109 S.Ct. 329, 102 L.Ed.2d 346 (1988). ‘An actual conflict of interest occurs when a defense attorney places himself in a situation “inherently conducive to divided loyalties.” Castillo [v. Estelle, 504 F.2d 1243 (5th Cir.1974) ] at 1245.’ Zuck v. Alabama, 588 F.2d 436, 439 (5th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979); United States v. Carpenter, 769 F.2d 258, 263 (5th Cir.1985). See also Smith v. White, 815 F.2d 1401 (11th Cir.1987), cert. denied, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). To prove that counsel was hampered by an actual conflict of interest, the appellant must show inconsistent interests. Smith v. White, 815 F.2d at 1404.”
As was further stated in Browning:
“If an ‘actual conflict of interest’ is present, the defendant need not prove that he has been prejudiced, because ‘prejudice is presumed.’ Strickland v. Washington, 466 U.S. [668] at 692, 104 S.Ct. [2052] at 2067 [80 L.Ed.2d 674 (1984)]; Cuyler v. Sullivan, 446 U.S. [335] at 350, 100 S.Ct. [1708] at 1719 [64 L.Ed.2d 333 (1980)]. ‘In certain Sixth Amendment contexts, prejudice is presumed.’ Strickland, 466 U.S. at 692, 104 S.Ct. at 2067. The Strickland, court in evaluating Cuyler, stated: ‘In Cuyler v. Sullivan, the Court held that prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel’s duties.’ Strickland, 466 U.S. at 692, 104 S.Ct. at 2067.”
607 So.2d at 342.
The appellant contends on appeal that he only pleaded guilty to keep his wife out of “something that she d[idn’t] belong in.” Clearly, inconsistent interest were shown here, thus an actual conflict of interest was present. Brouming. The trial court erred in denying the appellant’s motion to withdraw his guilty plea.